Terrence R. SPELLMON, Appellant,

v.

Janie SWEENEY, et al, Appellees.

No. 10–91–165–CV.

Court of Appeals of Texas, Waco.

Oct. 30, 1991.

Terrence Spellmon, pro se.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

In this appeal we determine the propriety of a dismissal, under section 13.001 of the Civil Practice and Remedies Code, of a suit filed *in forma pauperis*. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991).

## PROCEDURAL HISTORY

Terrence R. Spellmon, a prison inmate, brought a pro se action *in forma pauperis* against Janie Sweeney and Herbert F. Newman, employees of the Texas Department of Criminal Justice, Institutional Division. Although Spellmon, a self-styled "writ writer" and "political activist," describes his petition as "lacking" and "inartful," he attempts to allege causes of action under the Texas Penal Code, the Texas Revised Civil Statutes, the Texas Civil Practice and Remedies Code, and section 1983 of Title 42 of the United States Code. *See* 42 U.S.C.A. § 1983. Before the defendants were served with process, the court dismissed the cause as being frivolous because "the action's realistic chance of ultimate success is slight." *See* TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp. 1991). Eleven days later, Spellmon filed a "Request for Reinstatement of Cause and/or Alternatively Motion for Bill of Review." No further action was taken by the court, and Spellmon filed a notice of appeal. Because his post-dismissal motion was, in effect, a motion for new trial, the notice of appeal which was prematurely filed was

sufficient to perfect an appeal. *See* TEX. R.APP.P. 41(c); TEX.R.CIV.PROC. 329b.

In his post-dismissal motion and on appeal, Spellmon asserts that the court's dismissal was erroneous under section 13.001 and that it violated his rights under article 1, section 13, and article 1, section 19, of the Texas Constitution. *See* TEX. CONST. art. I, §§ 13, 19; TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991).

## SECTION 13.001

Rule 145 of the Rules of Civil Procedure allows a "party who is unable to afford costs" to file an affidavit "[i]n lieu of filing security for costs." TEX.R.CIV.P. 145.

Section 13.001 provides:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991).

 A dismissal under section 13.-001(b)(3) is no longer appropriate. *See Neitzke v. Williams,* 490 U.S. 319, 329, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989); *Pugh v. Parish of St. Tammany,* 875 F.2d 436, 438 (5th Cir.1989); *Johnson v. Lynaugh,* 800 S.W.2d 936, 938 (Tex.App.— Houston [14th Dist.] 1990, writ granted).

 The federal counterpart of section 13.001 is section 1915(d) of Title 28, which authorizes federal courts to dismiss *in forma pauperis* suits "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *See* 28 U.S.C.A. § 1915(d) (West 1966). Although the federal statute does not contain guidelines for determining when a suit is frivolous, a dismissal is proper if the claim has no arguable basis in law and fact. *Vernado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991); *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir.1989), *cert. denied,* 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989); *Pugh,* 875 F.2d at 438. The rationale behind granting trial courts this power is to "prevent abusive or captious litigation" where the *in forma pauperis* litigant "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke,* 490 U.S. at 324, 109 S.Ct. at 1831. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327, at 1833. An example of an indisputably meritless legal theory occurs where the petition asserts claims against which the defendants are immune from suit. *Id.* An example of factually baseless contentions occurs where the petition describes claims arising out of fantastic or delusional scenarios.[1] *Id.*

Rule 145 allows indigent persons to gain access to the courts without payment of costs. TEX.R.CIV.P. 145. Nevertheless, care must be taken to assure that the rule is not abused. *Green v. McKaskle,* 788 F.2d 1116, 1120 (5th Cir.1986). In enacting section 13.001, the legislature determined that there is no absolute right to proceed *in forma pauperis* in a civil proceeding; instead, it is a privilege extended to those who file actions which are not frivolous or malicious. TEX.R.CIV.P. 145; TEX.CIV.PRAC.

---

1. *But see McDonald v. Houston Dairy,* 813 S.W.2d 238, 239 (Tex.App.—Houston [14th Dist] 1991, no writ) (stating that a court cannot determine that a claim has no arguable basis in fact where no hearing is held).

& REM.CODE ANN. § 13.001 (Vernon Supp. 1991). Thus, section 13.001 was designed to determine at the earliest possible stage whether there is merit to an *in forma pauperis* proceeding.[2] *See Green,* 788 F.2d at 1120; TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991).

## *IN FORMA PAUPERIS* SUITS BY PRISONERS

Prisoners have everything to gain and little to lose by filing frivolous suits. *Green,* 788 F.2d at 1119. It costs them almost nothing; time is of no consequence to a prisoner; threats of sanctions are virtually meaningless; and the prisoner can look forward to a day trip to the courthouse. *Id.* Thus, the temptation to file a frivolous suit is strong. *Id.* at 1120. Such suits, however, waste valuable judicial resources and subject the state and its prison officials to the burden of unwarranted litigation, preventing claims with merit from being heard expeditiously. *Id.*

■ A determination of frivolousness from an examination of a pro se petition is not always easy. *Green,* 788 F.2d at 1119. Pro se pleadings must be construed liberally because prisoner complaints are notoriously difficult to decipher. *Id.* Application of the usual rules to incoherent and undecipherable complaints is almost hopeless. *Id.* at 1118. Unless a claim's frivolous nature appears on the face of the pleading, the court will find it necessary to "sift the claims" until satisfied of their merit or lack of merit—a process which may require some development of the case. *Id.* at 1119. To accomplish this result, trial courts should be vested with especially broad discretion to determine whether a proceeding brought under Rule 145 is frivolous. *Id.;* TEX.R.CIV.P. 145. This broad discretion serves the dual role of keeping the courthouses open to all litigants regardless of their financial resources, while guarding against abuse of the free access granted by Rule 145 to litigants, such as prisoners, who have nothing to lose by "flooding the courts with suit after suit." *Wilson,* 878 F.2d at 850; TEX.R.CIV.P. 145.

## CONSTITUTIONAL CHALLENGES

We now turn to the constitutional challenges which Spellmon asserted in the trial court and asserts in this court, alleging that a preemptory dismissal under section 13.001 violates the provisions of sections 13 and 19 of article 1 of the Texas Constitution. *See* TEX. CONST. art. I, §§ 13, 19; TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991).

"In passing upon the constitutionality of a statute, we begin with a presumption of validity." *Sax v. Votteler,* 648 S.W.2d 661, 664 (Tex.1983). We presume "that the legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable." *See id.* "Legislative action, however, is not without bounds." *Id.*

### "OPEN COURTS" PROVISION

■ The essence of the due process guarantee of section 13 of the Texas Constitution (usually called the "Open Courts" provision), when a legislative act is alleged to deny a citizen access to the courts, is: Does the litigant's right of redress outweigh the legislative basis for the ordinance and statute? *Id.* at 665. In *Sax,* the Supreme Court said that in analyzing a litigant's right to redress, two criteria must

---

**2.** The statute's three-prong definition of frivolous was apparently drawn from the 5th Circuit's decision in *Green v. McKaskle,* 788 F.2d 1116, 1120 (5th Cir.1986). Although the third prong, similar to the basis for dismissal under Federal Rule 12(b)(6), was eliminated by the decision in *Neitzke v. Williams,* the 5th Circuit has continued to define frivolous claims as including those "whose realistic chance of ultimate success is slight." *See Neitzke v. Williams,* 490 U.S. 319, 329, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989); *see also Varnado v. Ly-* naugh, 920 F.2d 320, 321 (5th Cir.1991); *Pugh v. Parish of St. Tammany,* 875 F.2d 436, 438 (5th Cir.1989); *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir.1989). We assume that the 5th Circuit has not adopted a definition of frivolousness which violates the United States Constitution. We note, however, that the Supreme Court's definition in *Neitzke* is that listed as the second prong of section 13.001—"no basis in law or in fact." *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831; TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(b)(2).

be satisfied: "First, it must be shown that the litigant has a cognizable common-law cause of action that is being restricted. Second, the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute." *Id.* at 666.

Our review of the allegations of Spellmon's petition shows that his assertion that section 13.001 must yield to section 13 fails the first prong of the *Sax* test. *See id.;* TEX. CONST. art. I, § 13; TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp. 1991). He has asserted no common-law cause of action. Moreover, we believe that it fails the second prong. The statute is limited to dismissals of those actions "in which an affidavit of inability to pay under Rule 145" is filed and which the court finds to be frivolous. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991). Although many of the dismissals of such proceedings on appeal to this court and in the reported cases are dismissals of petitions filed by inmates of the prison system, the statute is not limited to that class of plaintiffs. *See id.* Because the rationale behind granting trial courts this power is to "prevent abusive or captious litigation" where the *in forma pauperis* litigant "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," we believe that the legislative basis in enacting section 13.001 does not *"unreasonably* abridge a justiciable right to obtain redress for injuries caused by the wrongful acts of another." *See Id.; Neitzke,* 490 U.S. at 324, 109 S.Ct. at 1831, 104 L.Ed.2d 338; *Sax,* 648 S.W.2d at 665 (emphasis added); *Thompson v. Ereckson,* 814 S.W.2d 805, 807 (Tex.App.—Waco, n.w.h.).

DUE COURSE OF LAW

■ We now turn to Spellmon's attack on section 13.001 under section 19 of Article 1. *See* TEX. CONST. art. I, § 19; TEX.CIV. PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991). His claim, as we understand it, is that the dismissal has deprived him of a vested property right without due course of law. Thus, we examine whether the dismissal under the statute can withstand this constitutional challenge. The legislature has determined that a claim is frivolous or malicious and subject to dismissal under section 13.001(b)(1) if the "realistic chance of ultimate success is slight" and under 13.001(b)(2) if "the claim has no arguable basis in law or in fact." *See* TEX. CIV.PRAC. & REM.CODE ANN. § 13.001(b)(1), (2) (Vernon Supp.1991). Vested rights, including matured causes of action, are protected by section 19. *Coulter v. Melady,* 489 S.W.2d 156, 159 (Tex.Civ.App.—Texarkana 1972, writ ref'd n.r.e.), *cert. denied,* 414 U.S. 823, 94 S.Ct. 123, 38 L.Ed.2d 56 (1973); TEX. CONST. art. I, § 19.

"In substantive due process cases, the courts balance the gain to the public welfare resulting from the legislation against the severity of its effect on personal and property rights." *In the Interest of B— M—N—,* 570 S.W.2d 493, 503 (Tex.Civ. App.—Texarkana 1978, no writ). "A law is unconstitutional as violating due process when it is arbitrary or unreasonable, and the latter occurs when the social necessity the law is to serve is not a sufficient justification of the restriction of the liberty or rights involved." *Id.*

■ A claim which "has no arguable basis in law or in fact," does not constitute a "cause of action" and has no value as a property right. Before being dismissed under section 13.001(b)(2), a petition such as Spellmon's must receive judicial examination for a determination of its basis in fact and in law. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(b)(2) (Vernon Supp.1991). If the court, exercising broad discretion, determines that the petition is lacking either, it may dismiss the action as frivolous or malicious. *See id.; Green,* 788 F.2d at 1119. The judicial discretion exercised in determining to dismiss is subject to appellate review. Thus, we believe that the state's interest in conserving limited judicial resources by disposing of claims without merit at an early stage in the proceedings outweighs the right of the *in forma pauperis* litigant to expend those resources on claims which have no value. *See Sax,* 648 S.W.2d at 665; TEX. CONST. art. I, § 19;

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991).

Because we hold that section 13.001(b)(2) does not violate the prohibitions of the due-course-of-law provision of the Texas Constitution and because we will reverse the judgment irrespective of the constitutionality of section 13.001(b)(1), we do not reach the question of whether section 13.001(b)(1) violates section 19 of article 1. *See* TEX. CONST. art. I, § 19; TEX.CIV.PRAC. & REM. CODE ANN. § 13.001 (Vernon Supp.1991).

### STANDARD OF REVIEW

■ The standard for review of a dismissal under section 13.001 is whether the court abused its discretion. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp. 1991); *Johnson v. Peterson,* 799 S.W.2d 345, 347 (Tex.App.—Houston [14th Dist.] 1990, no writ). Abuse of discretion is determined by whether the court acted without reference to any guiding principles. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Stated another way: Was the act of the court arbitrary or unreasonable? *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984); *Landry v. Travelers Insurance Co.,* 458 S.W.2d 649, 651 (Tex.1970). That an appellate court might have decided a matter within the trial judge's discretion in a different manner does not demonstrate that an abuse of discretion has occurred. *Southwestern Bell Telephone Co. v. Johnson,* 389 S.W.2d 645, 648 (Tex.1965); *Jones v. Strayhorn,* 159 Tex. 421, 321 S.W.2d 290, 295 (1959).

### DISMISSAL UNDER THE STATUTE

■ Spellmon's petition details how the defendants allegedly used prison regulations to deny him "legal visits" with other prisoners and denied him the use of law books which he desired to use in connection with five pro se actions which he had pending in the Eastern and Western Districts of Texas and the U.S. Court of Appeals. He alleged that his action was brought under chapter 39 of the Texas Penal Code, article 6166z4 of the Texas Revised Civil Statutes, sections 101.001–101.109 of the Texas Civil

Practice and Remedies Code, none of which provide any legal basis for his claims. Neither the Penal Code nor the civil statutes establishing and governing penitentiaries create private actions for the alleged wrongs of prison officials. Additionally, although section 104.001 of the Texas Civil Practice and Remedies Code provides for state liability for certain acts of public servants, Spellmon brought suit against the employees as individuals and did not name the state or any state agency as a defendant. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 104.001 (Vernon Supp.1991). Therefore, the court properly dismissed the claim based on the state statutes because the action's realistic chance of ultimate success was slight. *See id.* at § 13.001(b)(1).

Recognizing that the test applicable under the federal statute is the one enumerated in our statute as section 13.001(b)(2) and that our duty is to affirm the dismissal if it was proper under any legal theory, we also hold that the court could have concluded that Spellmon's action brought under the state statutes was based on an indisputably meritless legal theory. *See id.* at § 13.-001(b)(2); *Neitzke,* 490 U.S. at 328, 109 S.Ct. at 1833; *Ross v. Walsh,* 629 S.W.2d 823, 826 (Tex.App.—Houston [14th Dist.] 1982, no writ).

■ However, Spellmon also stated in his petition that the court's jurisdiction rested on section 1983 of Title 42 of the United States Code, and he alleged that he was "deprived of his constitutional rights." *See* 42 U.S.C.A. § 1983 (West 1981). He alleged that being limited in the use of legal materials from the prison law library violated his constitutional right of access to courts. *See* U.S. CONST. amend. XIV.

Section 1983 imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." 42 U.S.C.A. § 1983 (West 1981). Spellmon asserted in his petition that Sweeney and Newman "conspired to flagrantly and maliciously [punish] plain-

tiff for his legal activities" pending in various courts. He detailed how he was not allowed to visit with another prisoner and how on several occasions he was denied the law books he requested.

The United States Supreme Court held in *Bounds v. Smith* that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries...." *Bounds v. Smith*, 430 U.S. 817, 827, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). In *Green v. McKaskle,* the court held that the plaintiff's claim that he was denied access to courts was improperly dismissed where he alleged that while he was in administrative segregation and in the hospital he was only allowed to check out two to three books each day. *Green,* 788 F.2d at 1126.

Spellmon's petition raised a potential section 1983 claim for a violation of his rights under amendment 14 of the United States Constitution. *See id.;* U.S. CONST. amend. XIV. Because prison inmates' complaints are to be construed liberally, we hold that Spellmon's allegations were sufficient to allege a violation of his rights under the 14th amendment. *See Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir.1981); *Morgan v. LaVallee,* 526 F.2d 221, 224 (2nd Cir.1975); U.S. CONST. amend. XIV.

We are not saying that we believe Spellmon will prevail on his claim or that he could avoid a summary judgment being granted against him. We are saying that it is impossible to tell from his petition whether the section 1983 action's realistic chance of ultimate success is slight and that a summary dismissal without affording him a hearing was inappropriate. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 13.-001(b)(1) (Vernon Supp.1991). Additionally, applying the standard set out in *Neitzke,* we do not believe that Spellmon's claims were based on an "indisputably meritless legal theory" or that his factual allegations were "clearly baseless." *See id.* at § 13.-001(b)(2); *Neitzke,* 490 U.S. at 328, 109 S.Ct. at 1833.

Bearing in mind that it was not easy to determine whether Spellmon's claims were frivolous by examining his pleadings and that prisoners' complaints should be construed liberally, the court should have "sifted" through Spellmon's petition until completely satisfied either of its merit or lack of same. *See Green,* 788 F.2d at 1119. The United States Supreme Court has held that even the failure to state a claim, which would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), is not necessarily frivolous. *See Neitzke,* 490 U.S. at 328–29, 109 S.Ct. at 1833–34.

### CONCLUSION

We sustain Spellmon's point as to his denial-of-access claim under section 1983 and hold that the court's dismissal of his suit was unreasonable. *See Smithson,* 665 S.W.2d at 443; *Landry,* 458 S.W.2d at 651; 42 U.S.C.A. § 1983 (West 1981); TEX.CIV. PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991). The judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.