Darryl W. Bell v. Woodard et al
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-166-CV

     DARRYL W. BELL,
                                                                              Appellant
     v.

     GLENN W. WOODARD, ET AL.,
                                                                              Appellees
 
 
From the 52nd District Court
Coryell County, Texas
Trial Court # 
                                                                                                                 

O P I N I O N
                                                                                                                 

      Appellant Darryl W. Bell, an inmate of the Texas Department of Criminal Justice-Institutional
Division, Hughes Unit, filed this suit, pro se and in forma pauperis, pursuant to 42 U.S.C. Section
1983 and under Rule 145, Texas Rules of Civil Procedure. The original defendants were Appellees
Glenn W. Woodard, Jack Garner, Michael Moore, Wayne Scott, James A. Collins and James A.
Lynaugh, all of whom were employees of the State of Texas at the time Appellant's alleged cause
of action arose.
      Defendant Woodard was a corrections officer at the Hughes Unit in Gatesville, Texas;
Defendant Garner was Warden of the Hughes Unit; Defendant Michael Moore was Regional
Director of TDCJ-ID; Defendant Scott was Regional Director of TDCJ-ID; Defendant Collins was
a director of TDCJ-ID; and Defendant Lynaugh was Executive Director of TDCJ-ID. 
      It is clear from the record that only Woodard was present and allegedly active during the
claimed use of force against Bell. In other words, all the defendants except Woodard were sued
in their supervisory capacities under the doctrine of respondeat superior. Appellant filed this
Section 1983 action against all the above-named defendants, alleging that said defendants denied
him his rights under the Eighth Amendment to the United States Constitution through the use of
excessive force constituting cruel and unusual punishment.
      Prior to trial, the trial court dismissed Defendants Garner, Moore, Scott, Collins and Lynaugh
out of the suit pursuant to Section 13.001


 of the Texas Civil Practices and Remedies Code, after
which Appellant amended his petition to include a state law claim of assault and battery against
Defendant-Appellee Woodard. 
      Trial was had to a jury whose verdict was in favor of Defendant Woodard after which final
judgment was entered in favor of Woodard and from which Plaintiff-Appellant appeals.
      In his first point of error Plaintiff-Appellant asserts the trial court erred in dismissing Plaintiff-Appellant's claims against Defendants-Appellees Garner, Moore, Scott, Collins and Lynaugh
pursuant to Tex. Civ. Prac. & Rem. Code §§ 13.001 et seq. (Vernon Supp. 1997).
      Section 13.001 provides as follows:
      Dismissal of Action
      (a)  A court in which an affidavit of inability to pay under Rule 145, Texas Rules of
Civil Procedure, has been filed may dismiss the action on a finding that:
                  (1)  the allegation of poverty in the affidavit is false, or
                  (2)  the action is frivolous or malicious.
      (b)  In determining whether an action is frivolous or malicious, the court may
consider whether:
                  (1)  the action's realistic chance of ultimate success is slight;
                  (2)  the claim has no arguable basis in law or in fact; or
                  (3)  it is clear that the party cannot prove a set of facts in support
of the claim.
      (c)  An action may be dismissed under subsection (a) as frivolous or malicious either
before or after service of process.
 
      The standard for review for dismissal of an action in forma pauperis under Section 13.001 is
whether the trial court abused its discretion. Spellmon v. Sweeney, 819 S.W.2d 206, 211 (Tex.
App.—Waco 1991, no writ). Abuse of discretion is a determination of "whether the court acted
without reference to any guiding principles." Id.
      Plaintiff-Appellant brought claims against Defendants-Appellees Garner, Moore, Scott, Collins
and Lynaugh pursuant to 42 U.S.C. Section 1983. A review of Plaintiff-Appellant's petition
reveals that he brought suit against the five last-named defendants because they were supervisors
of Defendant-Appellee Woodard. Supervisory officials cannot be held vicariously liable solely on
the basis of their supervisory relationship with an alleged tort-feasor in an action brought pursuant
to Section 1983. Thompkins v. Belt, 828 F.2d 298, 303-304 (5th Cir. 1987). This being so, the
trial court did not err in dismissing Plaintiff-Appellant's claims against Defendants-Appellees
Garner, Moore, Scott, Collins and Lynaugh. We therefore overrule Plaintiff-Appellant's first point
of error.
      In his second point of error Appellant contends that the trial court failed to provide him a fair
trial in the following respects, to-wit: that the court did not respond to his request for hearings,
did not acknowledge the receipt of documents, delayed the trial, denied his motion for appointment
of counsel, failed to serve subpoenas, improperly admitted Appellant's disciplinary history during
trial, and ordered that he wear a "security brace" during trial.
      In his third point of error Appellant asserts the trial court erred in failing to rule on his motion
to compel.
      His fourth and last point of error contends the trial court erred by including a qualified
immunity instruction in the charge to the jury.
      Appellant failed to preserve any of the above complaints for review by this court. In order to
preserve a complaint for appellate review, the party appealing must present to the trial court a
timely request, motion, or objection, stating the specific grounds for same, and obtain a ruling
thereon. Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991); Tex. R. App. P. 52(a), 49 Tex. B.J.
573 (Tex. 1986, repealed 1997).


 If the trial court refuses to rule, the complaining party must file
an objection to the court's refusal in order to preserve the complaint for appellate review. Tex.
R. App. P. 52(a).
      The record does not show any request, motion, objection, or an order concerning any of the
above complaints, nor does it show any objection to the trial court's refusal to rule. Since
Appellant failed to preserve his complaints for review, we overrule Appellant's points of error two,
three, and four.



      Judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)
 
Before Chief Justice Davis,
      Justice Vance and
      Justice James (Retired)
Affirmed
Opinion delivered and filed October 22, 1997
Do not publish