MEMORANDUM OPINION




No. 04-02-00156-CV



Danny D. BONDS,


Appellant



v.



Sgt. James RODRIGUEZ, Lt. Juan Pesina, Major Michael B. Davis, 


Captain Thomas S. Hinkle, and Director Gary Johnson,


Appellees



From the 81st Judicial District Court, Karnes County, Texas


Trial Court No. 99-07-00129-CVK


Honorable Ron Carr, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: January 22, 2003


AFFIRMED

 Danny D. Bonds appeals the trial court's order denying his motion to disqualify the Attorney
General from representing the defendants in this lawsuit and its order dismissing his lawsuit pursuant
to section 14.003 of the Texas Civil Practice and Remedies Code. The Attorney General has filed a
responsive brief setting forth its statutory authority to represent the defendants and the absence of
any impediment to the representation and detailing the reasons Bonds' causes of action are frivolous.
Because the law is settled, we affirm in this memorandum opinion. See Tex. R. App. P. 47.4.

 1. Disqualification-In his motion to disqualify, Bonds alleged it "is against 'public
policy' for the Attorney General and Assistant Attorney Generals [sic] to represent or defend the bad
faith or illegal actions of the defendants when it has no legitimate interest therein, or when it is clearly
injurious to the public or against the public good"; "the Attorney General and Assistant Attorney
Generals [sic] have an impermissible conflict of interest to which their other clients (i.e. the citizens
of the State of Texas, including plaintiff) have not lawfully consented or given authorization"; the
Attorney General's representation of the defendants denies Bonds his constitutional rights to
procedural and substantive due process, "because such representation or defense impairs [Bonds']
rights, is not reasonably necessary to accomplish any legitimate State objective, and operates in an
arbitrary or unjust manner to [Bonds'] substantial detriment"; and denies Bonds' right to equal
protection under the Texas Constitution. However, the Texas Legislature has mandated that the
Attorney General defend state employees whenever it "is in the interest of the state as determined by
the attorney general or his designee." Tex. Civ. Prac. & Rem. Code Ann. §§ 104.002(a)(3),
104.004(a) (Vernon 1997). And, because the Attorney General has never represented Bonds, no
impermissible conflict of interest that prevents it from representing the defendants in this case exists.

 2. Policy-Bonds' first cause of action alleges defendants violated his rights "guaranteed"
under the Texas Department of Criminal Justice - Institutional Division Offender Orientation
Handbook and various other Texas Department of Criminal Justice - Institutional Division policies
and directives. However, there is no private cause of action for a violation of policy, as discussed on
pages 5-6 of the Attorney General's brief.

 2. Texas Government Code-Bonds next alleges "the defendants have violated plaintiff's
rights guaranteed under V.T.C.A. Gov't Code 493.001, 494.001 and 498.002." Again, however,
there is no private cause of action for violation of the statutory provisions outlining the mission of
the Texas Department of Criminal Justice and its institutional division or the requirement that Texas
Department of Criminal Justice - Institutional Division appropriately classify inmates, as discussed
on page 7 of the Attorney General's brief. See Spellmon v. Sweeney, 819 S.W.2d 206, 211 (Tex.
App.-Waco 1991, no writ).

 3. Rehabilitation Act and Americans With Disabilities Act - Bonds alleges defendant
Gary Johnson, in his official capacity as director of the Institutional Division of the Texas Department
of Criminal Justice, violated his rights under Section 504 of the Rehabilitation Act, 29 U.S.C. §
794(a), and Title II of the Americans With Disabilities Act, by discriminating against him because of
his disability - Hepatitis C. These claims are barred by sovereign immunity. U.S. Const. Amend. XI;
Reickenbacker v. Foster, 274 F.3d 974 (5th Cir. 2001); Aguilar v. Texas Dep't. of Criminal Justice,
160 F.3d 1052, 1054 (5th Cir. 1998), cert. denied, 528 U.S. 851 (1999); see City of Beaumont v.
Bouillion, 896 S.W.2d 143 (Tex. 1995) (claim against state officer in his official capacity seeks to
impose liability on the state agency). On appeal, Bonds contends he also brought his federal claims
against Johnson under Ex parte Young, 209 U.S. 123 (1908). However, nothing in his live petition
suggests this, and Bonds expressly states in his brief that he is not seeking equitable declaratory or
injunctive relief against Johnson. The relief sought in a claim brought under Ex Parte Young must be
declaratory or injunctive in nature and prospective in effect. Aguilar, 160 F.3d at 1054. The federal
claims were therefore properly dismissed as frivolous.

 4. Texas Human Resources Code - Bonds next contends defendants violated his rights
under the section 121.003 of the Texas Human Resource Code by discriminating against him because
of his Hepatitis C. There is no arguable basis in law for Bonds' contention that prison officers illegally
discriminated against him because of his alleged disability by failing to immediately transfer him to
another cell when he demanded it. By his own admission, Hepatitis C is highly communicable, and
the delay in complying with Bonds' demand to move him to another cell was due to officers having
to locate an appropriate, available cell with another inmate who was already infected. The trial court
did not abuse its discretion in dismissing this claim as frivolous.

 6. Constitutional Claims - Bonds next alleges defendants violated his rights to equal
protection, freedom of religion, freedom from cruel and unusual punishment due course and due
process of law guaranteed by the Texas and United States Constitutions. He seeks damages under
the Texas Constitution and 42 U.S.C. § 1983 and declaratory and injunctive relief.

 There is no private cause of action for monetary relief under the Texas Constitution, whether
sought from a state agency or an individual. City of Beaumont v. Bouillion, 896 S.W.2d 143 (Tex.
1995); Univ. of Tex. System v. Courtney, 946 S.W.2d 464, 471 (Tex. App.-Fort Worth 1997, writ
denied). These claims were therefore properly dismissed. Bonds' claims that his constitutional rights
were violated by prison officers are also frivolous, lacking any arguable basis in law, for the reasons
briefed on pages 16 - 22 of the Attorney General's brief.

 8. Tort Claims-Bonds' petition alleges gross negligence, false imprisonment, and
"fraudulent concealment or misrepresentations." However, Bonds has not alleged facts that would
arguably establish at least one of the elements of each of these claims. Because the claims have no
arguable basis in law, they were properly dismissed. 

 9. Special Exceptions - In his last point of error, Bonds argues the trial court abused
its discretion in denying his special exceptions to the Attorney General's motion to dismiss. Bonds
contends the Attorney General was required to file special exceptions to his pleading before it could
file a motion to dismiss under Chapter 14 of the Civil Practice and Remedies Code. Had the
Legislature intended to impose such a requirement on defendants in a suit subject to chapter 14, it
would have done so. In fact, the Legislature indicated otherwise by permitting the trial court to
dismiss a suit as frivolous even before process is served. See Tex. Civ. Prac. & Rem. Code § 14.003
(a) (Vernon 2002); McCollum v. Mt. Ararat Baptist Church, Inc., 980 S.W.2d 535, 537 (Tex.
App.-Houston [14th Dist.] 1998, no pet.) ("the applicability of chapter fourteen is not contingent on
the defendant's satisfaction of any procedural rule"). 

 The trial court did not err in denying Bonds' motion to disqualify the Attorney General and
did not abuse its discretion in failing to grant Bonds' special exceptions and dismissing his suit. We
therefore affirm the trial court's judgment.


 Sarah B. Duncan, Justice

Publish