NUMBER 13-09-00504-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

LAKEITH AMIR-SHARIF, Appellant,


v.

 

NATHANIEL QUARTERMAN 

AND BILLY HOWARD, Appellees.

 


On appeal from the 135th District Court

of DeWitt County, Texas.

 


 MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Yañez and Garza


 Memorandum Opinion by Justice Garza
 

 This is an inmate litigation case under chapter 14 of the Texas Civil Practice and 
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (Vernon 2002). 
By seven issues, which we renumber and reorganize as four, appellant Lakeith Amir-Sharif
contends that the trial court erred when it: (1) failed to conduct a hearing before it
dismissed his case; (2) failed to specifically state the grounds for the dismissal; (3) failed
to rule on his post-judgment motions; and (4) failed to liberally construe his pleadings as
a pro se litigant, which in turn violated his constitutional rights. (1) We affirm.

I. Background

 Amir-Sharif is currently incarcerated at the Stevenson Unit in the Institutional
Division of the Texas Department of Criminal Justice ("TDCJ") in Cuero, Texas. (2) Amir-Sharif claims that, on November 21, 2008, a TDCJ officer falsely accused him of failing to
obey an order to move to another table in the prison mess hall. Amir-Sharif contends that
at a disciplinary hearing on the incident, the TDCJ hearing officer refused to accept Amir-Sharif's written statement regarding the allegations made against him. Instead, the hearing
officer asked Amir-Sharif to make a verbal statement regarding his version of the facts on
the record. The TDCJ subsequently found Amir-Sharif guilty of the incident, verbally
reprimanded him, and placed a disciplinary report regarding the incident in his institutional
file.

 Amir-Sharif alleges that he filed Step 1 and Step 2 grievances in accordance with
TDCJ policies and procedures to have his written statement about the incident placed in
his file. Both grievances were denied. After allegedly exhausting his administrative
remedies, (3) Amir-Sharif filed an Original Application for Writ of Mandamus in district court
on March 25, 2009. In his application, Amir-Sharif asked the trial court to mandate the
TDCJ to place Amir-Sharif's personal written statement about the November 21, 2008
incident in his institutional file. Amir-Sharif also filed: (1) a "Petitioner's Affidavit"; (2) a
"Motion to Proceed in Forma Pauperis"; and (3) a "Declaration of Inability to Pay Costs". 
 The trial court summarily dismissed Amir-Sharif's claim on July 29, 2009. The order,
in relevant part, stated: 

On this day came on to be heard the above-captioned matter. The court,
having reviewed the pleadings of Plaintiff, finds that Plaintiff is an "inmate"
as defined in Chapter 14, Texas Civil Practice and Remedies Code. The
court further finds that Plaintiff's pleading does not comply with said chapter. 
Accordingly, the court orders that this cause is DISMISSED with prejudice
and that no citation issue. Any costs are assessed against Plaintiff.

 

 Amir-Sharif allegedly filed a "Motion for Clarification and Specification of the July 29
Order" and a separate "Motion for Reinstatement of Case," but these post-judgment
motions were not considered. (4) This appeal followed.

II. Standard of Review and Applicable Law

 Inmate litigation is governed by the procedural rules set forth in chapter 14 of the
Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§
14.001-.014; see also McBride v. Tex. Bd. of Pardons and Paroles, No. 13-05-559-CV,
2008 Tex. App. LEXIS 1290, at *6 (Tex. App.-Corpus Christi Feb. 21, 2008, pet. denied)
(mem. op.). The Texas Legislature enacted chapter 14 to control the flood of lawsuits filed
in state courts by prison inmates, which consume valuable judicial resources with
seemingly little offsetting benefit. Hickson v. Moya, 926 S.W.2d 397, 399 (Tex.
App.-Waco 1996, no writ). Courts have noted that:

Prisoners have everything to gain and little to lose by filing frivolous suits. It
costs them almost nothing; time is of no consequence to a prisoner; threats
of sanctions are virtually meaningless; and the prisoner can look forward to
a day trip to the courthouse. Thus, the temptation to file a frivolous suit is
strong. Such suits, however, waste valuable resources and subject the state
and its prison officials to the burden of unwarranted litigation, preventing
claims with merit from being heard expeditiously. 

 

Id. (internal citations omitted) (citing Spellmon v. Sweeney, 819 S.W.2d 206, 209 (Tex.
App.-Waco 1991, no writ)). 

 We review a dismissal of an inmate's lawsuit under an abuse of discretion standard. 
Harrison v. Tex. Dep't of Criminal Justice, Inst. Div., 164 S.W.3d 871, 874 (Tex.
App.-Corpus Christi 2005, no pet.). Abuse of discretion is determined by examining
whether or not the trial court acted without reference to any guiding rules or principles. See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). In other
words, a trial court abuses its discretion if it acts arbitrarily or unreasonably. Smithson v.
Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984). 

III. DiscussionA. Lack of Hearing

 Amir-Sharif complains that the trial court dismissed his lawsuit without a hearing. 
The failure to conduct a hearing, according to Amir-Sharif, deprived him of a "meaningful
time and a meaningful opportunity to be heard." Under Section 14.003(c) of the civil
practices and remedies code, "the court may hold a hearing" before dismissing an inmate's
complaint. Tex. Civ. Prac. & Rem. Code Ann § 14.003(c). "The statute's plain language
indicates the court's determination to hold a hearing is discretionary." Harrison, 164
S.W.3d at 875 (citing Spurlock v. Schroedter, 88 S.W.3d 733, 735-36 (Tex. App.-Corpus
Christi 2002, no pet.)). Thus, the trial court was not required to conduct a hearing in this
case to determine whether Amir-Sharif's suit should be dismissed. Harrison, 164 S.W.3d
at 875. 

 Amir-Sharif incorrectly asserts that he was entitled to notice and a hearing regarding
the court's intent to dismiss his case under Rule 165a of the Texas Rules of Civil
Procedure. Tex. R. Civ. P. 165a. Rule 165a provides that, "notice of the court's intention
to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to
each attorney of record, and to each party not represented by an attorney . . . . " Id. 
However, as stated previously, inmate litigation is governed under chapter 14 of the Texas
Civil Practices and Remedies Code. Section 14.014 of this chapter, the "Conflict with
Texas Rules of Civil Procedure" provision, provides that "this chapter may not be modified
or repealed by a rule adopted by the supreme court." Tex. Civ. Prac. & Rem. Code Ann
§ 14.014; see Retzlaff v. Tex. Dep't of Criminal Justice, 94 S.W.3d 650, 654 (Tex.
App.-Houston [14th Dist.] 2002, pet. denied) (comparing chapter 14 of the civil practice
and remedies code with the rules of civil procedure and concluding that courts can
summarily dismiss inmate cases without a hearing). Because chapter 14 does not require
that a court hold a hearing prior to dismissal, we overrule this issue.

B. No Specific Grounds for Dismissal

 Amir-Sharif also complains that the trial court erred when it did not specifically state
the grounds for his dismissal. The order stated that "Plaintiff's pleading does not comply
with [chapter 14 of the civil practice and remedies code]. Accordingly, the court orders that
this cause is DISMISSED . . . ." Amir-Sharif contends that the trial court should have
offered a "specific" explanation of his pleading's deficiencies in "plain English" so that he
could correct any errors. However, trial courts are not required to state the specific
grounds for dismissal of an inmate's claim. See Retzlaff, 94 S.W.3d at 654 (holding that
"the court's failure to specifically state the grounds for dismissal is not an abuse of
discretion"); see also Anthony v. Tex. Dep't of Criminal Justice, No. 01-08-00465-CV, 2009
Tex. App. LEXIS 1482, at **22-23 (Tex. App.-Houston [1st Dist.] Mar. 5, 2009, no pet.)
(mem. op.). Thus, the trial court did not err when it failed to state the exact basis for its
dismissal. We overrule this issue.


C. Post-Judgment Rulings

 By his third issue, Amir-Sharif complains that the trial court erred when it failed to
rule on his post-judgment "Motion for Clarification and Specification of the July 29 Order"
and "Motion for Reinstatement of Case." The record reflects that, on August 21, 2009,
Amir-Sharif mailed these post-judgment motions by certified mail, return receipt requested,
to the trial court judge, the Honorable Kemper Stephen Williams, in care of the judge's
court coordinator, Emily Means, instead of to Tabeth Gardner, the DeWitt County District
Clerk. The record also shows that there was no signature on the return receipt for this
mailing, and that the trial court's "Civil Docket Sheet" did not reflect the filing of these two
motions. 

 Texas Rule of Civil Procedure 21 provides that all pleadings or motions "shall be
filed with the clerk of the court in writing." Tex. R. Civ. P. 21. A judge may accept a filing,
"in which event he shall note thereon the filing date and time and forthwith transmit [the
filing] to the office of the clerk." Tex. R. Civ. P. 74. Amir-Sharif mistakenly addressed his
motions to the trial court judge using the district clerk's mailing address. There is no proof
that either the district clerk or the trial court ever received these motions, as evidenced by
the unsigned return receipt. Also, the court's "Civil Docket Sheet" does not reflect that
these documents were filed. Because Amir-Shariff failed to properly file these post-judgment motions, the trial court was not required to rule on them. We overrule this issue.

D. Liberal Review of Pro Se Litigants' Pleadings 

 Amir-Sharif contends that the trial court violated several of his federal and state
constitutional rights when it failed to "liberally construe" his pleadings. He asserts that "had
the trial court applied the standards of liberal construction when it reviewed [his] pleading,"
he would have remedied the "'mystery' defect the trial court relied upon in dismissing [his]
meritorous [sic] suit." He further contends that the "rules of procedure" should not
"sacrifice . . . the rules of fundamental justice." 

 At the outset, we note that "a pro se inmate's petition should be viewed with liberality
and patience and is not held to the stringent standards applied to formal pleadings drafted
by attorneys." Minix v. Gonzales, 162 S.W.3d 635, 637 (Tex. App.-Houston [14th Dist.]
2005, no pet.). However, we also recognize that pro se litigants must abide by the same
standards as licensed attorneys and comply with applicable laws and rules of procedure. 
See Amir-Sharif v. Mason, 243 S.W.3d 854, 856-58 (Tex. App.-Dallas 2008, no pet.)
(citing Mansfield State Bank v. Cohn, 573 S.W.2d 191, 184-85 (Tex. 1978)). 

 The record reveals that, even with the most liberal interpretation of Amir-Sharif's
pleadings, the trial court was still within its discretion to dismiss the case. A court may
dismiss a suit filed under chapter 14 if it finds that: (1) the allegation of poverty in the
affidavit or unsworn declaration is false; (2) the claim is frivolous or malicious; or (3) the
inmate filed an affidavit or unsworn declaration required by this chapter that the inmate
knew was false. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a). To determine whether
a claim is frivolous or malicious, the court may consider whether: 

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts.


Id. § 14.003(b)(1)-(4). 

 Section 14.004 requires the inmate to file an affidavit or declaration "relating to
previous filings" the inmate has filed pro se, other than a suit filed under the family code. (5) 
Id. § 14.004(a). Inmates are also required to file certified copies of their trust account
statements to prove their indigent status. Id. § 14.004(c). Failure to file either of these
documents is grounds to dismiss the case because trial courts use them to analyze
whether a case is frivolous or malicious. See Hickson, 926 S.W.2d at 399 (holding that the
filings required under chapter 14 are "an essential part of the process by which courts
review inmate litigation"); see also Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a). Amir-Sharif did not file an affidavit or unsworn declaration listing any previous lawsuits he has
filed. (6) See Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a). He also failed to file a certified
copy of his inmate trust account statement. Id. § 14.004(c). (7) The failure to produce either
of these documents justifies a dismissal. Hickson, 926 S.W.2d at 399. 

 Assuming the trial court "liberally construed" Amir-Sharif's pleadings, it still would
not be an abuse of discretion to dismiss the case for failure to comply with the
requirements of chapter 14. "'Restrictions on the ability o[f] indigent prisoners to proceed
[i]n [f]orma [p]auperis do not implicate any constitutionally-protected right per se.'" Hicks
v. Brysch, 989 F. Supp. 797, 822 (W.D. Tex. 1997); see also Richard v. Dretke, No. 14-08-00714-CV, 2009 Tex. App. LEXIS 2261, at *14 (Tex. App.-Houston [14th Dist.] Apr. 7,
2009, no pet.) (mem. op.) (providing that chapter 14 is presumed constitutional and does
not violate the Due Course of Law Clause of the Texas Constitution or the Due Process
Clause of the United States Constitution, which are "nearly identical"); Hines v. Massey,
79 S.W.3d 269, 271 (Tex. App.-Beaumont 2002, no pet.) (citing Thomas v. Bilby, 40
S.W.3d 166, 170-71 (Tex. App.-Texarkana 2001, no pet.) (holding that chapter 14 does
not deny inmates equal protection); Hughes v. Massey, 65 S.W.3d 743, 745 (Tex.
App.-Beaumont 2001, no pet.) (concluding that chapter 14 does not violate the Open
Courts provision of the Texas Constitution); Thomas v. Wichita Gen. Hosp., 952 S.W.2d
936, 940 (Tex. App.-Fort Worth 1997, pet. denied) (finding that chapter 14 does not violate
inmates's First Amendment right to petition the government for redress of grievances)).

 Chapter 14's requirements, in and of themselves, do not implicate any constitutional
rights. See Hines, 79 S.W.3d at 271; see also Richard, 2009 Tex. App. LEXIS 2261, at
**13-16. Here, even under a liberal review of Amir-Sharif's pleadings, the trial court had
the discretion to dismiss the case for failing to comply with any provision of chapter 14. (9) 
See Hickson, 926 S.W.2d at 399. We overrule this issue.


III. Conclusion


 We affirm.



 ________________________

 DORI CONTRERAS GARZA

 Justice 

Delivered and filed the 

19th day of August, 2010. 


 
1. Amir-Sharif claimed that the trial court's failure to liberally construe his pleadings violated his
constitutional rights to due process, due course of law, equal protection, access to courts, open courts, and
right to petition the government for redress of grievances. See, e.g., U.S. Const. amends. I, IV, and XIV; Tex.
Const. art. 1, §§ 3, 3a, 13, 19, 27, and 29.
2. The record does not reveal why Amir-Sharif is imprisoned, the length of his sentence, or the amount
of time he has already served.
3. See Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (Vernon 2002). 
4. Although these motions are in the record, they were not properly filed for the trial court's
consideration. For further analysis, please see the discussion in Section III.C. of this opinion. 
5. Although Amir-Sharif filed a "Petitioner's Affidavit," it did not list any of his previous filings. Instead,
the affidavit declared that Amir-Sharif was "wholly destitute and unable to pay the cost for this litigation" and
that the underlying lawsuit was "non-frivolous and [was not] filed for any improper motives, ill will, or
harassment."
6. Of note, we found twelve published opinions where inmate Amir-Sharif is listed as an appellant.
7. Interestingly, Amir-Sharif failed to file both of these documents in another one of his recent appeals. (8)
8. There are twelve published opinions where inmate Amir-Sharif appears as an appellant. 
 - - - 
 - " '' 
 " 
 
9. Amir-Sharif's fourth issue, and our subsequent analysis, focused on the "procedural" defects of his
pleadings. However, because the court dismissed the case with prejudice, we recognize that the trial court
probably considered the merits of Amir-Sharif's case to be deficient as well. In light of this, we note the
following:


 Amir-Sharif does not point to any authority, and we find none, demonstrating why he is legally entitled
to have his personal statement regarding the November 21, 2008 incident placed in his institutional file. Amir-Sharif contends that the right to have a personal written statement regarding inmate incidents placed in an
inmate's disciplinary file is afforded by the TDCJ's "inmate disciplinary rules and procedures," but he does not
provide a copy of these rules for the record. Accordingly, the court could have found that Amir-Sharif's claim
did not have a realistic chance of ultimate success, had no arguable basis in law or in fact, or that Amir-Sharif
could not prove any facts in support of his claim. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(1)-(4)
(Vernon 2002). In addition, we note that even though Amir-Sharif's written statement was not accepted, he
was given the opportunity to give oral testimony at his disciplinary hearing. By his own admission, the TDCJ
gave him a "time and opportunity" to be heard. This presents yet another reason why the trial court may have
decided that his claim was unlikely to succeed or had no merit. Id. Both of these scenarios present legitimate
reasons for a trial court to dismiss this case on its merits.