

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-19-00202-CR**

**IN RE DAMION DAMONE JONES**

_____

**Original Proceeding**

## MEMORANDUM OPINION

In this proceeding, the most important feature is to properly characterize what relief the party is seeking and in particular to determine what procedure is being used to seek relief from whom. The proceeding was first characterized upon filing by the clerk's office as a petition for writ of habeas corpus. Upon further review, we determined that the writ was actually an attachment to the operative document and that the operative document was actually a petition for writ of mandamus. However, it could also be characterized as a notice of appeal. But, in the final analysis, there is no relief that this Court can provide to the defendant and the request for relief, to the best that we can

understand it, appears to be a petition for writ of mandamus against the trial court clerk, and accordingly the proceeding will be dismissed for want of jurisdiction.

Jones is currently incarcerated in the Brazos County jail pending trial on three counts of aggravated robbery, one count of burglary of a habitation, one count of unlawful possession of a firearm by a felon, one count of evading arrest, and one count of possession of marijuana. His cases are currently set for trial on July 30, 2019. The total amount of his bail on all charges is $146,000. He is represented by appointed counsel on the charges pending in the trial court proceedings. He has filed this proceeding *pro se*. The record Jones provided was nothing more than a filled-in 11.07 writ form, even though it is clear that his complaints therein relate to his pending charges and not a final felony conviction. *See, generally,* TEX. CODE CRIM. PROC. ANN. art. 11.07.

In the writ form used by Jones, he complains that he has been in custody for more than two years, that the trial court has twice denied his pre-trial writ of habeas corpus seeking a reduction in bail, that his trial has been delayed to such an extent that he is entitled to a release on his own recognizance, and that the district court has a bias in favor of the State. In what we have determined to be a petition for writ of mandamus, a one-page document that accompanied the referenced copy of his petition for writ of habeas corpus, Jones makes various complaints. As best we can tell, all of his complaints relate to his belief that the Brazos County District Clerk has mishandled and failed to properly process his application for a writ of habeas corpus. We ordered a response from the State.

Fortunately, the State filed a comprehensive mandamus record in support of its response. From the State's response and the record provided by the State, it is evident that Jones is simply unhappy with the fact he is still incarcerated and about to be put to trial and is attempting to create confusion or delay. The State's response was comprehensive in addressing why this Court would not have jurisdiction of this proceeding regardless of whether it is characterized as a petition for a writ of habeas corpus, which is how the State would characterize the document, or whether it is a petition for a writ of mandamus, which is how this Court had characterized the document. The State ask us to reconsider our characterization, consider it a petition for writ of habeas corpus, and dismiss the petition for writ of habeas corpus for want of jurisdiction.

Because of the comprehensive nature of the State's response and briefing on the subject we will not prolong this opinion evaluating each of the alternative characterizations of the document filed by Jones, further review of the facts, or a detailed discussion of the applicable law, other than to say that based on the content of the document that Jones sent, we remain of the view that it is a petition for a writ of mandamus with a copy of a petition for habeas corpus attached to it as the applicable record. In the petition for writ of mandamus, he asks this Court to review the actions of the trial court clerk and compel the trial court clerk to properly "handle" or process the writ he is trying to have decided.

The State argues that if we remain of the view that it is a petition for writ of mandamus, that the petition seeks only relief against the trial court clerk, and that this Court has no jurisdiction to compel a trial court clerk to take any action other than as necessary to protect this Court's jurisdiction which is not applicable to the facts before us. *See* TEXAS GOV'T CODE § 22.221(a), (b); *see also In re Simmonds,* 271 S.W.3d 874, 879 (Tex. App.—Waco 2008, orig. proceeding). We agree with the State.

We cannot leave this proceeding, however, without commenting on the totally frivolous nature of Jones's petition. The State cited us to a statement that bears repeating from an opinion in this Court in which we stated: "Application of the usual rules to incoherent and undecipherable complaints is almost hopeless. Unless a claim's frivolous nature appears on the face of the pleading, the Court will find it necessary to 'sift the claims' until satisfied of their merit or lack of merit—a process which may require some development of the case." *Spellmon v. Sweeney*, 819 S.W.2d 206, 209 (Tex. App.—Waco 1991, no writ). As applied to this proceeding, the facial potential for a problem to be addressed by mandamus was thoroughly addressed and totally debunked in the State's response. The State's response allowed the Court to move quickly to sift the nature of Jones's claims and come to the conclusion that they were totally without merit. But, nevertheless, Jones has caused this Court and the State to spend its limited resources on this totally meritless claim. While the State may wonder why we ordered a response, their willingness to file a complete and thorough response, including an appropriate

mandamus record in support of their response, significantly aided the Court by limiting

the time it took to "sift the claims" and dispose of this proceeding.

Jones's petition for writ of mandamus is dismissed for want of jurisdiction.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Petition dismissed
Opinion delivered and filed July 31, 2019
Do not publish
[OT06]

