COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN RE | § | No. 08-25-00007-CR |
| DEVORIS NEWSON, | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |

# MEMORANDUM OPINION

Devoris Newson, appearing pro se, filed a petition for writ of mandamus against the Honorable Bonnie Rangel, judge of the 171st District Court, stating that she has refused to hold a hearing or rule on his pretrial writ of habeas corpus. He asks this Court to issue a mandamus to compel Judge Rangel to hear and rule on his writ.

Newson is currently detained pending trial on charges alleging stalking, unlawful possession of a firearm, and two assaults on a public servant. According to Newson's petition, he filed an application for writ of habeas corpus on October 28, 2024, challenging commitment orders issued in all three of his cases.[1]

---

[1] Newson has filed three petitions for writ of mandamus challenging each of his pending charges on the same grounds. He has previously filed numerous pro se appeals and petitions with this Court: *In re Newson*, No. 08-24-00340-CR, 2024 WL 4900036 (Tex. App.—El Paso Nov. 26, 2024, original proceeding) (mem. op., not designated for publication); *In re Newson*, No. 08-24-00343-CR, 2024 WL 4900037 (Tex. App.—El Paso Nov. 26, 2024, original proceeding) (mem. op., not designated for publication); *In re Newson*, No. 08-24-00339-CR, 2024 WL 4898087 (Tex. App.—El Paso Nov. 26, 2024, original proceeding) (mem. op., not designated for publication); *Newson v. State*, No. 08-24-00061-CR, 2024 WL 1599210 (Tex. App.—El Paso Apr. 12, 2024, no pet.) (mem. op., not designated for publication); *Newson v. State*, No. 08-24-00062-CR, 2024 WL 1599207 (Tex. App.—El Paso Apr. 12, 2024, no pet.)

As with many pro se pleadings, this Court is often tasked with sifting through claims "until satisfied of their merit or lack of merit—a process which may require some development of the case." *Spellman v. Sweeny*, 819 S.W.2d 206, 209 (Tex. App.—Waco 1991, no writ). To better understand the proceedings below and the circumstances leading to Newson's complaints, we issued an order calling for a response by the State, encouraging it to include any relevant copies of the record below that may assist the Court.

As relevant to our disposition here, the State's response includes a copy of Newson's application for writ of habeas corpus and an order appointing a public defender as his trial counsel. Generally, criminal defendants are not entitled to hybrid representation, and a trial court judge is "free to disregard any pro se motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Thus, even if Newson's application was presented to the trial court, the trial court judge had no obligation to consider, hold a hearing, or rule on it. *See id.* (a trial court's refusal to rule on a pro se motion is not subject to review); *Ex parte Bohannan*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011) (recognizing that when a habeas applicant is represented by counsel, the court need not take action on pro se filings); *In re Hernandez*, No. 08-21-00189-CR, 2021 WL 5027791, at *1 (Tex. App.—El Paso Oct. 29, 2021, orig. proceeding) (mem. op., not designated for publication) (same).

Because Newson is not entitled to hybrid representation, his petition for writ of mandamus presents nothing for this Court to review. *See, e.g.*, *In re Marshall*, No. 08-21-00224-CR, 2022 WL 336777, at *1 (Tex. App.—El Paso Feb. 4, 2022, original proceeding) (mem. op., not designated

---

(mem. op., not designated for publication); *Newson v. State*, No. 08-24-00112-CR, 2024 WL 2739393 (Tex. App.—El Paso May 28, 2024, no pet.) (mem. op., not designated for publication); *Newson v. State*, No. 08-24-00113-CR, 2024 WL 2739419 (Tex. App.—El Paso May 28, 2024, no pet.) (mem. op., not designated for publication); *Newson v. State*, No. 08-24-00114-CR, 2024 WL 2758712 (Tex. App.—El Paso May 29, 2024, no pet.) (mem. op., not designated for publication); *Newson v. State*, No. 08-24-00115-CR, 2024 WL 2758716 (Tex. App.—El Paso May 29, 2024, no pet.) (mem. op., not designated for publication).

for publication) (dismissing a petition on the grounds that relator was appointed counsel and not entitled to hybrid representation); *Ex parte Muhammad*, No. 08-21-00199-CR, 2022 WL 601937, at *2 (Tex. App.—El Paso Mar. 1, 2022, pet. ref'd) (mem. op., not designated for publication) (same).

Accordingly, we dismiss the petition.

LISA J. SOTO, Justice

February 27, 2025

Before Palafox and Soto, JJ., and Solis, Judge
Solis, Selena, Judge, sitting by assignment

3