Eric D. **HARRISON**, Appellant,

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, et al., Appellee.**

No. 13–04–274–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

May 26, 2005.

Rehearing Overruled June 23, 2005.

---

Eric D. Harrison, Cuero, pro se.

Deven Desai, Asst. Atty. Gen., Austin, for appellee.

Before Justices RODRIGUEZ, CASTILLO, and GARZA.

## OPINION

Opinion by Justice CASTILLO.

Appellant, Eric D. Harrison, an indigent inmate in the Texas Department of Criminal Justice–Institutional Division (TDCJ), appeals his *pro se* case under chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.003 (Vernon 2002). He sued appellees, the TDCJ, a captain, and a correctional officer, seeking district court de novo review of an administrative disciplinary decision. We affirm the trial court's chapter 14 dismissal of the lawsuit.

### I. Issues Presented

Harrison presents two issues: (1) whether the trial court erred in dismissing his prisoner's *in forma pauperis* suit under chapter 14 as frivolous without a fact hearing; and (2) whether the disciplinary procedures in question were constitutionally sound because he was denied (a) the right to confront and cross-examine a witness, and (b) a neutral and detached hearing officer.

## II.  Background[1]

By a major disciplinary report, Harrison was charged with threatening to inflict harm on a corrections officer on or about November 1, 2003.[2]  Harrison denied the allegation.  A disciplinary hearing was convened on or about November 10, 2003.  Harrison pleaded not guilty, and, after the evidentiary hearing,[3] was found guilty.  Punishment was assessed at a "reprimand with action."  After exhausting internal appeals, Harrison filed suit for de novo review in the district court of the disciplinary action imposed.  In his original petition, he alleged the disciplinary action was not reasonably supported by substantial evidence and was an abuse of discretion.  As relief, he requested that the district court conduct review de novo, vacate the administrative decision, and expunge his record of the disciplinary action.  Harrison filed a motion to proceed *in forma pauperis,* a declaration of previous court filings, and a declaration of previous grievance filings.

Appellees filed a motion to dismiss, asserting his claims were barred because the relief requested was barred as a matter of law.  Harrison's response asserted essentially that the motion had no basis in law or in fact.  The trial court granted the motion to dismiss.  The order states the trial court (1) reviewed the lawsuit for compliance with chapter 14 of the civil practice and remedies code, and (2) dismissed pursuant to chapter 14.  This appeal ensued.

1.  In a civil case, this Court will accept as true the facts stated unless another party contradicts them.  *See* Tex.R.App. P. 38.1(f).  The statement must be supported by record references. *Id.*

2.  The statement attributed to Harrison was, "You could get hit if continuing to clean benches."

## III.  Scope and Standard of Review

The proper standard of review for the dismissal of a frivolous claim pursuant to chapter fourteen is an abuse of discretion.  *Jackson v. Tex. Dep't of Crim. Justice–Institutional Div.,* 28 S.W.3d 811, 813 (Tex.App.-Corpus Christi 2000, pet. denied).  To establish an abuse of discretion, an appellant must show the trial court's actions were arbitrary or unreasonable in light of all the circumstances.  *Id.* (citing *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984)).  The standard is clarified by asking whether the trial court acted without reference to any guiding rules or principles.  *Spurlock v. Schroedter,* 88 S.W.3d 733, 735–736 (Tex. App.-Corpus Christi 2002, no pet.).

The trial court has broad discretion to dismiss an inmate's claim as frivolous.  *Jackson,* 28 S.W.3d at 813.  In making that determination, the trial court may consider if (1) the claim's realistic chance of ultimate success is slight, (2) the claim has no arguable basis in law or fact, (3) it is clear that the party cannot prove facts in support of the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.  Tex. Civ. Prac. & Rem.Code Ann. § 14.003(b) (Vernon 2002); *Jackson,* 28 S.W.3d at 813; *Spurlock,* 88 S.W.3d at 736.

## IV.  Discussion

By a sub-issue in his first issue presented, Harrison complains of the dismissal of his petition without a hearing.

3.  Harrison refers to a hearing in which the correctional officer testified by telephone.  He additionally refers to a hearing tape and his witnesses' statements.  However, a record of the testimony and evidence is not part of the record before us.

In determining whether to dismiss a suit under section 14.003, the court may hold a hearing. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(c) (Vernon 2002).[4] The hearing may be held before or after service of process, and it may be held on motion of the court, a party, or the clerk of the court. *Id.* The statute's plain language indicates the court's determination to hold a hearing is discretionary. *Spurlock,* 88 S.W.3d at 736. Accordingly, it was not mandatory that the trial court conduct a hearing to decide whether Harrison's suit should be dismissed. *Id.* Because the hearing was not mandatory, the trial court did not err in failing to hold a hearing. *Id.* Thus, we overrule the sub-issue in Harrison's first issue. We turn to Harrison's remaining issues.

■ Because the trial judge held no hearing on the motion to dismiss, he may not dismiss on the ground that there was no arguable basis in fact. *See id.* The issue before us therefore is whether the trial court properly determined there was no arguable basis in law for the suit. *Id.* To assess whether the trial court properly made this determination, we examine the types of relief and causes of action set out in the petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *Id.* In considering the record before us, we review and evaluate *pro se* pleadings by standards less stringent than those applied to formal pleadings drafted by lawyers. *Id.*

■ The dismissal motion asserted grounds against both of Harrison's claims. Because the order does not state the specific ground on which it was granted, Harrison must show that each independent argument alleged in the motion to dismiss is insufficient to support the order. *See Carson v. Walker,* 134 S.W.3d 300, 302 (Tex.App.-Amarillo 2003, no pet.). We turn to Harrison's causes of action for (1) de novo district court review of a disciplinary decision, (2) expungement of the disciplinary record, and (3) unconstitutional disciplinary procedures.[5]

## A. De Novo District Court Review

■ Harrison argues that de novo review is available under section 2001.173 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 2001.173 (Vernon 2000).[6] Appellees counter that, while sec-

---

4. We apply standard rules of statutory construction. *See* TEX. GOV'T CODE ANN. § 312.002(a)(Vernon 2005) (ordinarily, "words shall be given their ordinary meaning"). In construing a statute, the reviewing court should determine and give effect to the Legislature's intent. *Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998). The court must first look to the statute's plain and common meaning. *Allen,* 15 S.W.3d at 527; *Fitzgerald v. Advanced Spine Fixation,* 996 S.W.2d 864, 865 (Tex.1999). The court presumes that the Legislature intended the plain meaning of the words it used. *Allen,* 15 S.W.3d at 527.

5. Harrison sought de novo review for a determination that the discipline administered was "null and void."

6. Section 2001.173 states:

(a) If the manner of review authorized by law for the decision in a contested case that is the subject of complaint is by trial de novo, the reviewing court shall try each issue of fact and law in the manner that applies to other civil suits in this state as though there had not been an intervening agency action or decision but may not admit in evidence the fact of prior state agency action or the nature of that action except to the limited extent necessary to show compliance with statutory provisions that vest jurisdiction in the court.

(b) On demand, a party to a trial de novo review may have a jury determination of each issue of fact on which a jury determination could be obtained in other civil suits in this state.

tion 2001.173 allows for district court de novo review, section 2001.226 clearly states that section 2001.173 does not apply to TDCJ inmates.[7] *See* TEX. GOV'T CODE ANN. § 2001.226 (Vernon 2000). Section 2001.226 states:

> This chapter does not apply to a rule or internal procedure of the Texas Department of Criminal Justice or Texas Board of Criminal Justice that applies to an inmate or any other person under the custody or control of the department or to an action taken under that rule or procedure.

*See id.*

■ We agree with appellees.[8] A person may obtain judicial review of an administrative action only if a statute provides a right to judicial review, or the action adversely affects a vested property right or otherwise violates a constitutional right. *See Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.,* 19 S.W.3d 393, 397 (Tex.2000); *Firemen's & Policemen's Civil Serv. Comm'n v. Kennedy,* 514 S.W.2d 237, 239 (Tex.1974); *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788, 790 (1951). Harrison's lawsuit requests de novo review of an administrative decision assessing discipline for a rule infraction. Section 2001.226 expressly bars de novo review by district court in this instance.

### B. Record Expunction

■ Harrison also sought expunction of the record memorializing the disciplinary action. To adjudicate the cause of action, the trial court would be required to review the propriety of the disciplinary proceedings Harrison asserts in his de novo review claim, together with administrative rules regarding the keeping of disciplinary records. Because his second cause of action also involves a "rule" of the TDCJ "that applies to an inmate or any other person under the custody or control of the department or to an action taken under that rule or procedure," within the clear meaning of the statute, we conclude that the cause of action falls within the scope of section 2001.226 and, thus, is also barred.

An additional basis for concluding the claim is statutorily barred exists in the context of chapter 14 proceedings. We further conclude that expungement of Harrison's disciplinary record is derivative of his de novo review claim. Because we have concluded his de novo review claim is barred, the expungement cause of action which is inextricably intertwined with his first cause of action is moot.

### C. Constitutional Claim

■ In his second issue, Harrison asserts that the disciplinary procedures were unconstitutional because he was denied the right to confront and cross-examine the complainant correctional officer, and he was denied a neutral and detached hearing officer. We conclude that the plain meaning of section 2001.226 also bars the constitutional claim. Section 2001.226 expressly applies to an "internal procedure of the

---

TEX. GOV'T CODE ANN. § 2001.173 (Vernon 2000).

**7.** An inmate must exhaust his administrative remedies before filing suit. *See* TEX. GOV'T CODE ANN. §§ 501.007–.008 (Vernon 2004) (outlining the specific procedures an inmate must complete in order to exhaust his administrative remedies). Harrison filed copies of his grievance, showing the date his grievances

were filed, the date written decisions were received, and copies of the written decisions. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(a) (Vernon 2002). The parties do not dispute that Harrison exhausted his administrative remedies.

**8.** *See* note 4.

Texas Department of Criminal Justice or Texas Board of Criminal Justice that applies to an inmate" or "to an action taken under that rule or procedure." *See* TEX. GOV'T CODE ANN. § 2001.226 (Vernon 2000). We must presume that the Legislature intended the plain meaning of the words it used in the statute, and we must give effect to its intent.[9]

## V. Conclusion

The trial court could properly have concluded that there was no arguable basis in law for Harrison's lawsuit. *Cf. Spurlock*, 88 S.W.3d at 737. Accordingly, we conclude that the trial court did not act without guiding principles, and did not abuse its discretion. *See Jackson*, 28 S.W.3d at 813. We overrule Harrison's first and second issues. We affirm the order dismissing the lawsuit.