

**NUMBER 13-07-00718-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**MICHAEL SCOTT,** **Appellant,**

**v.**

**TEXAS DEPARTMENT OF CRIMINAL**
**JUSTICE-INSTITUTIONAL DIVISION, ET AL.,** **Appellees.**

---

**On appeal from the 36th District Court of Bee County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Yañez, Garza, and Vela**
**Memorandum Opinion by Justice Garza**

Appellant, Michael Scott, is currently incarcerated at the Michael Unit of the Texas Department of Criminal Justice-Institutional Division located in Tennessee Colony, Texas. Appearing pro se, Scott appeals from the trial court's August 31, 2007 order dismissing his claims without prejudice in favor of appellees, Senaida Ambriz, Joe Martinez, Peter Shaefer, and the Texas Department of Criminal Justice (collectively "TDCJ"). By one

issue, Scott contends that the trial court abused its discretion in dismissing his claims for his failure to provide security for court costs. We reverse and remand for proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 11, 2005, Scott, proceeding pro se and *in forma pauperis*, filed his original petition against various TDCJ officials for denial of access to the courts, alleging that between March 15, 2005 and April 4, 2005, several TDCJ officials intentionally and maliciously failed to deliver certain legal books to him in his administrative segregation cell at the McConnell Unit.[1] Scott further alleged that he was unable to meet a filing deadline in another lawsuit he filed in the 30th Judicial District Court of Wichita County, Texas because of the failure of TDCJ officials to deliver certain legal books to him while he was in his cell.[2] TDCJ filed its original answer and request for a jury trial on October 3, 2005, asserting sovereign immunity and contending that Scott had failed to exhaust all of his administrative remedies.

On November 6, 2006, TDCJ filed a motion to dismiss Scott's claims, asserting that the lawsuit was derived from the same set of facts as a previously filed lawsuit—namely, trial court cause number B-05-1221-CV-A[3]—and requested that the lawsuit be dismissed

---

[1] Based on the record before us, it is not clear as to when Scott was transferred from the McConnell Unit to the Michael Unit in the Texas Department of Criminal Justice system.

[2] The present lawsuit was assigned trial court cause number B-05-1308-CV-A.

[3] In trial court cause number B-05-1221-CV-A, Scott filed suit against essentially the same defendants for denial of access to the courts. The claims in cause number B-05-1221-CV-A appear to arise out of the same set of facts as those in the present case. In fact, in his handwritten listing of previous lawsuits as required by section 14.004 of the civil practice and remedies code, Scott's description of the claims and time periods involved in both lawsuits are substantially similar. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (Vernon 2002). However, the record does not indicate that the trial court, in cause number B-05-1221-CV-A, concluded that Scott was a vexatious litigant.

as frivolous.[4]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4) (Vernon 2002).  On November 8, 2006, TDCJ filed a first amended motion to dismiss, asserting the same contentions as its original motion to dismiss and referencing at least four other lawsuits filed by Scott that arise from the same set of facts as this matter.[5]

On July 24, 2007, the trial court, sua sponte, ordered Scott to show cause as to why he should be allowed to proceed *in forma pauperis*, considering an order was entered on January 31, 2007, by the 343rd Judicial District Court of Bee County, Texas, declaring Scott to be a vexatious litigant in a third lawsuit, trial court cause number B-05-1223-CV-C.[6] The trial court further ordered Scott to obtain permission by August 27, 2007, from the 343rd Judicial District Court to proceed in this matter without providing security for court costs.  On August 31, 2007, the trial court dismissed Scott's cause of action in this matter without prejudice after Scott failed (1) to receive permission from the 343rd Judicial District Court to proceed without providing security for court costs, or (2) to provide security.  *See id.* § 11.056 (Vernon 2002) ("The court shall dismiss a litigation as to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order.").  Scott filed a motion for new trial on September 29, 2007, which was overruled by operation of law.  *See* TEX. R. CIV. P. 329b(c).  This appeal ensued.

---

[4] Section 14.003 of the civil practice and remedies code provides that a trial court may dismiss a claim that is frivolous or malicious, and, in determining whether the claim is frivolous or malicious, the trial court may consider, among other things, whether "the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts."  *Id.* § 14.003(a)(2), (b)(4) (Vernon 2002).

[5] TDCJ noted that, based on Scott's handwritten list, he has filed at least forty-eight lawsuits while incarcerated and the majority of the lawsuits have been voluntarily dismissed or dismissed as frivolous.

[6] The record does not include a motion by TDCJ requesting that the trial court determine that Scott is a vexatious litigant or requiring Scott to furnish security.  *See id.* § 11.051 (Vernon 2002).

## II. STANDARD OF REVIEW

We review the dismissal of an inmate's lawsuit *in forma pauperis* and the trial court's determination that Scott is a vexatious litigant under an abuse of discretion standard. *See Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.–Austin 2005, pet. denied); *Harrison v. Tex. Dep't of Criminal Justice-Inst. Div.*, 164 S.W.3d 871, 874 (Tex. App.–Corpus Christi 2005, no pet.); *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.–Corpus Christi 2001, pet. denied). Abuse of discretion is determined by examining whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *Thomas*, 52 S.W.3d at 294-95.

## III. ANALYSIS

In his sole issue on appeal, Scott contends that the trial court abused its discretion in dismissing his claim for failure to provide security for court costs. Essentially, Scott challenges the trial court's conclusion that he is a vexatious litigant and argues that the trial court was not authorized to order him to provide security to cover court costs. *See Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.–Houston [14th Dist.] 2005, no pet.) (noting that "a *pro se* inmate's petition should be viewed with liberality and patience and is not held to the stringent standards applied to formal pleadings drafted by attorneys") (emphasis in original). Conversely, the TDCJ argues that section 11.053 of the civil practice and remedies code does not require a hearing in this case because Scott had previously been found to be a vexatious litigant and because no motion to determine whether Scott was vexatious had been filed. The TDCJ further argues that because Scott had previously been found to be vexatious in cause number B-05-1223-CV-C, the trial court was correct in ordering Scott to provide security for court costs.

4

**a. Applicable Law**

Texas jurisprudence provides a mechanism for the restriction of frivolous and vexatious litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.051-.056 (Vernon 2002). In enacting this mechanism, the Legislature sought to "strike a balance between Texans' rights to access their own courts and the public interest in protecting defendants from those who abuse our civil justice system." *Leonard*, 171 S.W.3d at 455; *see Harris v. Rose*, 204 S.W.3d 903, 906 (Tex. App.–Dallas 2006, no pet.); *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 804 (Tex. App.–Dallas 2006, pet. denied). The court may determine that the plaintiff is a vexatious litigant if the defendant demonstrates that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that the plaintiff: (1) in the seven-year period immediately preceding the date the defendant makes a motion under section 11.051,[7] has commenced, prosecuted, or maintained *in propria persona* at least five litigations, other than in small claims court, that have been finally determined adversely to the plaintiff; or (2) has been previously declared to be a vexatious litigant by a state or federal court in a proceeding based on the same or substantially similar facts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.054; *see also Leonard*, 171 S.W.3d 455-56. If the court determines, based on evidence presented at a hearing, that

---

[7] Section 11.051 of the civil practice and remedies code provides that:

    In a litigation in this state, the defendant may, on or before the 90th day after the date the defendant files the original answer or makes a special appearance, move the court for an order:

        (1) determining that the plaintiff is a vexatious litigant; and

        (2) requiring the plaintiff to furnish security.

*Id.* § 11.051.

the defendant is a vexatious litigant, it must order the plaintiff to furnish security for the benefit of the moving defendant in an amount related to the costs and attorneys' fees the defendant anticipates incurring in defending the litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.055(a). If the plaintiff fails to furnish the court-ordered security by the time set in the order, the court must dismiss the suit. *See id.* § 11.056.

**b. Discussion**

In its July 24, 2007 order, the trial court noted that Scott had been found by the 343rd District Court to be a vexatious litigant, and presumably made the same conclusion. After implicitly concluding that Scott was a vexatious litigant, the trial court, in its July 24, 2007 order, stated the following:

> This Court orders that this cause shall be set for consideration by the Court on Aug. 27, 2007. Petitioner, Michael Scott[,] shall at that time present to this Court written permission from the Judge of the 343rd District Court, allowing him to proceed in this matter, without providing security for court costs.
>
> If the written permission to proceed without posting security for costs is not received by this Court on or before Aug. 27, 2007, then . . . this cause will be [d]ismissed without further hearing.

*See id.* § 11.055. In its August 31, 2007 order dismissing Scott's claim, the trial court noted that Scott had neither obtained permission from the 343rd District Court to proceed without payment of costs, nor paid the court costs. *See id.* § 11.056. The trial court did not issue any findings stating that Scott's claims were dismissed because they were frivolous or malicious or that Scott had falsely alleged poverty.[8] *See id.* § 14.003(a).

We note, however, that the trial court's orders in this matter are problematic. First,

---

[8] With respect to Scott's alleged poverty, the TDCJ's own *in forma pauperis* data sheet indicated that Scott was declared indigent on December 2, 2002, and that he had no money in his inmate account.

the trial court's July 24, 2007 order was not preceded by a motion filed by the TDCJ requesting that the trial court determine whether Scott was a vexatious litigant and whether security for court costs was necessary. Instead, the trial court implicitly concluded that Scott was a vexatious litigant sua sponte. Several Texas courts have held that a trial court may not conclude that a plaintiff is a vexatious litigant when the defendant failed to timely file a motion under section 11.051 of the civil practice and remedies code. *See Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 377 (Tex. App.–Dallas 2005, no pet.) (holding that the trial court abused its discretion in declaring appellant a vexatious litigant when the motion was filed outside the ninety-day time period); *In re Marriage of Grossnickle*, 115 S.W.3d 238, 252 (Tex. App.–Texarkana 2003, no pet.) ("[T]he 'vexatious litigant' statute applies only when filed within ninety days after the date on which a defendant files his or her original answer."); *Spiller v. Spiller*, 21 S.W.3d 451, 454 (Tex. App.–San Antonio 2000, no pet.) (holding that a motion filed outside the ninety-day period was untimely); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 11.051; *Akinwamide v. Transp. Ins. Co.*, No. 14-06-01054-CV, 2008 Tex. App. LEXIS 1892, at **10-12 (Tex. App.–Waco Mar. 11, 2008, pet. denied) (mem. op.) (rejecting an argument that the trial court has "inherent powers" to determine whether a plaintiff is a vexatious litigant when defendant's motion was filed outside the statutory ninety-day period). We are not aware of, nor has the TDCJ cited, any authority allowing the trial court to circumvent the statutory prerequisite of section 11.051 by concluding that a litigant is vexatious sua sponte. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.051.

Second, the record does not establish that the trial court conducted a hearing to determine whether Scott was truly a vexatious litigant. *See id.* § 11.053; *see also Nabelek*

7

*v. Johnson*, No. 04-03-00269-CV, 2005 Tex. App. LEXIS 2591, at **9-10 (Tex. App.–San Antonio Apr. 6, 2005, pet. denied) (mem. op.) (vacating the trial court's vexatious litigant order in an inmate suit and noting that section 11.055(a) requires that a hearing be conducted to determine if a litigant is a vexatious litigant). The July 24, 2007 order served to put Scott on notice that the trial court had concluded that he was a vexatious litigant and that he was now required to provide security for the benefit of the TDCJ in order to proceed with his lawsuit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.055. However, no hearing was conducted pursuant to section 11.053. *See id.* § 11.053.

Third, the trial court, in concluding that Scott was a vexatious litigant, relied heavily on the 343rd District Court's finding that Scott was a vexatious litigant in cause number B-05-1223-CV-C.[9] However, the TDCJ has not demonstrated that the underlying facts in cause number B-05-1223-CV-C are substantially similar or arose out of the same occurrence or transaction as the present matter. In fact, as he noted in his handwritten list of previously-filed lawsuits, Scott alleged that, in cause number B-05-1223-CV-C, various TDCJ officials, among other things, kicked him in the head while he was in TDCJ custody in August 2004. Unlike the present case, Scott's claims in cause number B-05-1223-CV-C did not involve a denial of access to the courts. Therefore, because the present case and cause number B-05-1223-CV-C do not involve substantially similar facts or occurrences, section 11.054(3) would not be applicable. *See id.* § 11.054(3).

Finally, we note that because TDCJ failed to file a motion triggering analysis under chapter 11 of the civil practice and remedies code, we do not have a basis for analyzing

---

[9] In contrast to the present case, the 343rd District Court's January 31, 2007 order specifically noted that the defendants in that case filed a motion to dismiss Scott's claims accompanied by a *motion for the trial court to determine that Scott was a vexatious litigant.*

8

Scott's previously-filed cases in the seven-year period immediately preceding the motion, in accordance with section 11.054(1). *See id.* § 11.054(1). Although we do not condone Scott's habitual filing of apparently frivolous lawsuits, we conclude that the trial court erred in its determination of whether Scott was a vexatious litigant, as contained in its July 24, 2007 order, for failing to comply with section 11.054. *See id.* § 11.054(1), (3).

Furthermore, as noted above, section 11.055 requires that the trial court order a plaintiff to furnish security for the benefit of the moving defendant after: (1) a hearing on the defendant's motion; and (2) the trial court determines that the plaintiff is a vexatious litigant. *See id.* § 11.055. In the present case, the TDCJ never filed a motion to determine whether Scott was a vexatious litigant and, as we have previously concluded, the trial court did not follow the proper procedures to determine whether Scott was a vexatious litigant. Because the proper procedures for invoking chapter 11 of the civil practice and remedies code were not followed, the trial court abused its discretion in issuing its July 24, 2007 order requiring Scott to furnish security for court costs, and, in turn, dismissing his claim against the TDCJ for failing to furnish security on August 31, 2007. Based on the foregoing, we sustain Scott's sole issue on appeal.

## IV. CONCLUSION

We reverse both the July 24, 2007 and August 31, 2007 orders of the trial court and remand for proceedings consistent with this opinion.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 20th day of November, 2008.

9