NUMBER 13-07-00718-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MICHAEL SCOTT, Appellant,


v.



TEXAS DEPARTMENT OF CRIMINAL 

JUSTICE-INSTITUTIONAL DIVISION, ET AL., Appellees.

 



On appeal from the 36th District Court of Bee County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Garza, and Vela


Memorandum Opinion by Justice Garza


 

 Appellant, Michael Scott, is currently incarcerated at the Michael Unit of the Texas
Department of Criminal Justice-Institutional Division located in Tennessee Colony, Texas. 
Appearing pro se, Scott appeals from the trial court's August 31, 2007 order dismissing his
claims without prejudice in favor of appellees, Senaida Ambriz, Joe Martinez, Peter
Shaefer, and the Texas Department of Criminal Justice (collectively "TDCJ"). By one
issue, Scott contends that the trial court abused its discretion in dismissing his claims for
his failure to provide security for court costs. We reverse and remand for proceedings
consistent with this opinion.

I. Factual and Procedural Background

 On July 11, 2005, Scott, proceeding pro se and in forma pauperis, filed his original
petition against various TDCJ officials for denial of access to the courts, alleging that
between March 15, 2005 and April 4, 2005, several TDCJ officials intentionally and
maliciously failed to deliver certain legal books to him in his administrative segregation cell
at the McConnell Unit. (1) Scott further alleged that he was unable to meet a filing deadline
in another lawsuit he filed in the 30th Judicial District Court of Wichita County, Texas
because of the failure of TDCJ officials to deliver certain legal books to him while he was
in his cell. (2) TDCJ filed its original answer and request for a jury trial on October 3, 2005,
asserting sovereign immunity and contending that Scott had failed to exhaust all of his
administrative remedies.

 On November 6, 2006, TDCJ filed a motion to dismiss Scott's claims, asserting that
the lawsuit was derived from the same set of facts as a previously filed lawsuit--namely,
trial court cause number B-05-1221-CV-A (3)--and requested that the lawsuit be dismissed
as frivolous. (4) See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(4) (Vernon 2002). On
November 8, 2006, TDCJ filed a first amended motion to dismiss, asserting the same
contentions as its original motion to dismiss and referencing at least four other lawsuits
filed by Scott that arise from the same set of facts as this matter. (5)

 On July 24, 2007, the trial court, sua sponte, ordered Scott to show cause as to why
he should be allowed to proceed in forma pauperis, considering an order was entered on
January 31, 2007, by the 343rd Judicial District Court of Bee County, Texas, declaring
Scott to be a vexatious litigant in a third lawsuit, trial court cause number B-05-1223-CV-C. (6) 
The trial court further ordered Scott to obtain permission by August 27, 2007, from the
343rd Judicial District Court to proceed in this matter without providing security for court
costs. On August 31, 2007, the trial court dismissed Scott's cause of action in this matter
without prejudice after Scott failed (1) to receive permission from the 343rd Judicial District
Court to proceed without providing security for court costs, or (2) to provide security. See
id. § 11.056 (Vernon 2002) ("The court shall dismiss a litigation as to a moving defendant
if a plaintiff ordered to furnish security does not furnish the security within the time set by
the order."). Scott filed a motion for new trial on September 29, 2007, which was overruled
by operation of law. See Tex. R. Civ. P. 329b(c). This appeal ensued. 



II. Standard of Review


 We review the dismissal of an inmate's lawsuit in forma pauperis and the trial court's
determination that Scott is a vexatious litigant under an abuse of discretion standard. See 
Leonard v. Abbott, 171 S.W.3d 451, 459 (Tex. App.-Austin 2005, pet. denied); Harrison
v. Tex. Dep't of Criminal Justice-Inst. Div., 164 S.W.3d 871, 874 (Tex. App.-Corpus Christi
2005, no pet.);Thomas v. Knight, 52 S.W.3d 292, 294 (Tex. App.-Corpus Christi 2001, pet.
denied). Abuse of discretion is determined by examining whether the trial court acted
without reference to any guiding rules and principles. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); Thomas, 52 S.W.3d at 294-95. 

III. Analysis


 In his sole issue on appeal, Scott contends that the trial court abused its discretion
in dismissing his claim for failure to provide security for court costs. Essentially, Scott
challenges the trial court's conclusion that he is a vexatious litigant and argues that the trial
court was not authorized to order him to provide security to cover court costs. See Minix
v. Gonzales, 162 S.W.3d 635, 637 (Tex. App.-Houston [14th Dist.] 2005, no pet.) (noting
that "a pro se inmate's petition should be viewed with liberality and patience and is not held
to the stringent standards applied to formal pleadings drafted by attorneys") (emphasis in
original). Conversely, the TDCJ argues that section 11.053 of the civil practice and
remedies code does not require a hearing in this case because Scott had previously been
found to be a vexatious litigant and because no motion to determine whether Scott was
vexatious had been filed. The TDCJ further argues that because Scott had previously
been found to be vexatious in cause number B-05-1223-CV-C, the trial court was correct
in ordering Scott to provide security for court costs. 

a. Applicable Law


 Texas jurisprudence provides a mechanism for the restriction of frivolous and
vexatious litigation. See Tex. Civ. Prac. & Rem. Code Ann. §§ 11.051-.056 (Vernon 2002).
In enacting this mechanism, the Legislature sought to "strike a balance between Texans'
rights to access their own courts and the public interest in protecting defendants from those
who abuse our civil justice system." Leonard, 171 S.W.3d at 455; see Harris v. Rose, 204
S.W.3d 903, 906 (Tex. App.-Dallas 2006, no pet.); Willms v. Americas Tire Co., Inc., 190
S.W.3d 796, 804 (Tex. App.-Dallas 2006, pet. denied). The court may determine that the
plaintiff is a vexatious litigant if the defendant demonstrates that there is not a reasonable
probability that the plaintiff will prevail in the litigation against the defendant and that the
plaintiff: (1) in the seven-year period immediately preceding the date the defendant makes
a motion under section 11.051, (7)
 has commenced, prosecuted, or maintained in propria
persona at least five litigations, other than in small claims court, that have been finally
determined adversely to the plaintiff; or (2) has been previously declared to be a vexatious
litigant by a state or federal court in a proceeding based on the same or substantially
similar facts. See Tex. Civ. Prac. & Rem. Code Ann. § 11.054; see also Leonard, 171
S.W.3d 455-56. If the court determines, based on evidence presented at a hearing, that
the defendant is a vexatious litigant, it must order the plaintiff to furnish security for the
benefit of the moving defendant in an amount related to the costs and attorneys' fees the
defendant anticipates incurring in defending the litigation. See Tex. Civ. Prac. & Rem.
Code Ann. § 11.055(a). If the plaintiff fails to furnish the court-ordered security by the time
set in the order, the court must dismiss the suit. See id. § 11.056. 

b. Discussion


 In its July 24, 2007 order, the trial court noted that Scott had been found by the
343rd District Court to be a vexatious litigant, and presumably made the same conclusion. 
After implicitly concluding that Scott was a vexatious litigant, the trial court, in its July 24,
2007 order, stated the following:


 This Court orders that this cause shall be set for consideration by the
Court on Aug. 27, 2007. Petitioner, Michael Scott[,] shall at that time present
to this Court written permission from the Judge of the 343rd District Court,
allowing him to proceed in this matter, without providing security for court
costs.

 

 If the written permission to proceed without posting security for costs
is not received by this Court on or before Aug. 27, 2007, then . . . this cause
will be [d]ismissed without further hearing.


See id. § 11.055. In its August 31, 2007 order dismissing Scott's claim, the trial court
noted that Scott had neither obtained permission from the 343rd District Court to proceed
without payment of costs, nor paid the court costs. See id. § 11.056. The trial court did
not issue any findings stating that Scott's claims were dismissed because they were
frivolous or malicious or that Scott had falsely alleged poverty. (8) See id. § 14.003(a).

 We note, however, that the trial court's orders in this matter are problematic. First,
the trial court's July 24, 2007 order was not preceded by a motion filed by the TDCJ
requesting that the trial court determine whether Scott was a vexatious litigant and whether
security for court costs was necessary. Instead, the trial court implicitly concluded that
Scott was a vexatious litigant sua sponte. Several Texas courts have held that a trial court
may not conclude that a plaintiff is a vexatious litigant when the defendant failed to timely
file a motion under section 11.051 of the civil practice and remedies code. See Dishner
v. Huitt-Zollars, Inc., 162 S.W.3d 370, 377 (Tex. App.-Dallas 2005, no pet.) (holding that
the trial court abused its discretion in declaring appellant a vexatious litigant when the
motion was filed outside the ninety-day time period); In re Marriage of Grossnickle, 115
S.W.3d 238, 252 (Tex. App.-Texarkana 2003, no pet.) ("[T]he 'vexatious litigant' statute
applies only when filed within ninety days after the date on which a defendant files his or
her original answer."); Spiller v. Spiller, 21 S.W.3d 451, 454 (Tex. App.-San Antonio 2000,
no pet.) (holding that a motion filed outside the ninety-day period was untimely); see also
Tex. Civ. Prac. & Rem. Code Ann. § 11.051; Akinwamide v. Transp. Ins. Co., No. 14-06-01054-CV, 2008 Tex. App. LEXIS 1892, at **10-12 (Tex. App.-Waco Mar. 11, 2008, pet.
denied) (mem. op.) (rejecting an argument that the trial court has "inherent powers" to
determine whether a plaintiff is a vexatious litigant when defendant's motion was filed
outside the statutory ninety-day period). We are not aware of, nor has the TDCJ cited, any
authority allowing the trial court to circumvent the statutory prerequisite of section 11.051
by concluding that a litigant is vexatious sua sponte. See Tex. Civ. Prac. & Rem. Code
Ann. § 11.051.

 Second, the record does not establish that the trial court conducted a hearing to
determine whether Scott was truly a vexatious litigant. See id. § 11.053; see also Nabelek
v. Johnson, No. 04-03-00269-CV, 2005 Tex. App. LEXIS 2591, at **9-10 (Tex. App.-San
Antonio Apr. 6, 2005, pet. denied) (mem. op.) (vacating the trial court's vexatious litigant
order in an inmate suit and noting that section 11.055(a) requires that a hearing be
conducted to determine if a litigant is a vexatious litigant). The July 24, 2007 order served
to put Scott on notice that the trial court had concluded that he was a vexatious litigant and
that he was now required to provide security for the benefit of the TDCJ in order to proceed
with his lawsuit. See Tex. Civ. Prac. & Rem. Code Ann. § 11.055. However, no hearing
was conducted pursuant to section 11.053. See id. § 11.053. 

 Third, the trial court, in concluding that Scott was a vexatious litigant, relied heavily
on the 343rd District Court's finding that Scott was a vexatious litigant in cause number B-05-1223-CV-C. (9) However, the TDCJ has not demonstrated that the underlying facts in
cause number B-05-1223-CV-C are substantially similar or arose out of the same
occurrence or transaction as the present matter. In fact, as he noted in his handwritten list
of previously-filed lawsuits, Scott alleged that, in cause number B-05-1223-CV-C, various
TDCJ officials, among other things, kicked him in the head while he was in TDCJ custody
in August 2004. Unlike the present case, Scott's claims in cause number B-05-1223-CV-C
did not involve a denial of access to the courts. Therefore, because the present case and
cause number B-05-1223-CV-C do not involve substantially similar facts or occurrences,
section 11.054(3) would not be applicable. See id. § 11.054(3).

 Finally, we note that because TDCJ failed to file a motion triggering analysis under
chapter 11 of the civil practice and remedies code, we do not have a basis for analyzing
Scott's previously-filed cases in the seven-year period immediately preceding the motion,
in accordance with section 11.054(1). See id. § 11.054(1). Although we do not condone
Scott's habitual filing of apparently frivolous lawsuits, we conclude that the trial court erred
in its determination of whether Scott was a vexatious litigant, as contained in its July 24,
2007 order, for failing to comply with section 11.054. See id. § 11.054(1), (3).

 Furthermore, as noted above, section 11.055 requires that the trial court order a
plaintiff to furnish security for the benefit of the moving defendant after: (1) a hearing on
the defendant's motion; and (2) the trial court determines that the plaintiff is a vexatious
litigant. See id. § 11.055. In the present case, the TDCJ never filed a motion to determine
whether Scott was a vexatious litigant and, as we have previously concluded, the trial court
did not follow the proper procedures to determine whether Scott was a vexatious litigant. 
Because the proper procedures for invoking chapter 11 of the civil practice and remedies
code were not followed, the trial court abused its discretion in issuing its July 24, 2007
order requiring Scott to furnish security for court costs, and, in turn, dismissing his claim
against the TDCJ for failing to furnish security on August 31, 2007. Based on the
foregoing, we sustain Scott's sole issue on appeal.

IV. Conclusion


 We reverse both the July 24, 2007 and August 31, 2007 orders of the trial court and
remand for proceedings consistent with this opinion.


 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 20th day of November, 2008.
1. Based on the record before us, it is not clear as to when Scott was transferred from the McConnell
Unit to the Michael Unit in the Texas Department of Criminal Justice system.
2. The present lawsuit was assigned trial court cause number B-05-1308-CV-A.
3. In trial court cause number B-05-1221-CV-A, Scott filed suit against essentially the same defendants
for denial of access to the courts. The claims in cause number B-05-1221-CV-A appear to arise out of the
same set of facts as those in the present case. In fact, in his handwritten listing of previous lawsuits as
required by section 14.004 of the civil practice and remedies code, Scott's description of the claims and time
periods involved in both lawsuits are substantially similar. See Tex. Civ. Prac. & Rem. Code Ann. § 14.004
(Vernon 2002). However, the record does not indicate that the trial court, in cause number B-05-1221-CV-A,
concluded that Scott was a vexatious litigant. 
4. Section 14.003 of the civil practice and remedies code provides that a trial court may dismiss a claim
that is frivolous or malicious, and, in determining whether the claim is frivolous or malicious, the trial court may
consider, among other things, whether "the claim is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts." Id. § 14.003(a)(2), (b)(4) (Vernon 2002).
5. TDCJ noted that, based on Scott's handwritten list, he has filed at least forty-eight lawsuits while
incarcerated and the majority of the lawsuits have been voluntarily dismissed or dismissed as frivolous.
6. The record does not include a motion by TDCJ requesting that the trial court determine that Scott
is a vexatious litigant or requiring Scott to furnish security. See id. § 11.051 (Vernon 2002).
7. Section 11.051 of the civil practice and remedies code provides that:


 In a litigation in this state, the defendant may, on or before the 90th day after the date
the defendant files the original answer or makes a special appearance, move the court for
an order:

 

 (1) determining that the plaintiff is a vexatious litigant; and

 

 (2) requiring the plaintiff to furnish security.


Id. § 11.051. 

8. With respect to Scott's alleged poverty, the TDCJ's own in forma pauperis data sheet indicated that
Scott was declared indigent on December 2, 2002, and that he had no money in his inmate account.
9. In contrast to the present case, the 343rd District Court's January 31, 2007 order specifically noted
that the defendants in that case filed a motion to dismiss Scott's claims accompanied by a motion for the trial
court to determine that Scott was a vexatious litigant.