**Opinion issued July 5, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

—————————

## NO. 01-12-00088-CV

—————————

## EDWARD COX, Appellant

## V.

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee

---

**On Appeal from the Administrative Review and Risk Management Division[1]
Texas Department of Criminal Justice
Internal Grievance System Nos. 2012049352 & 2012046804[2]**

---

## MEMORANDUM OPINION

---

[1]     This case was appealed to the Tenth Court of Appeals sitting in Waco, Texas and was docketed under cause number 10-12-00001-CV.  The case was transferred pursuant to an order of the Texas Supreme Court dated January 10, 2012, in miscellaneous docket number 12-9008.

[2]     Although there are two grievance numbers, they appear to involve the same facts and allegations and were transferred to this Court under one cause number.  We will therefore treat the two grievance numbers as one appellate cause.

Appellant Edward Cox attempts to appeal from a decision of the Administrative Review and Risk Management Division of the Texas Department of Criminal Justice. We dismiss the appeal.

Under Texas law, "there is no right to judicial review of an administrative order unless a statute provides a right or unless the order adversely affects a vested property right or otherwise violates a constitutional right." *Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 397 (Tex. 2000); *see Harrison v. Tex. Dep't of Criminal Justice, Inst'l Div.*, 164 S.W.3d 871, 876 (Tex. App.—Corpus Christi 2005, no pet.). Texas Government Code section 501.008 requires the Texas Department of Criminal Justice to "develop and maintain a system for the resolution of grievances by inmates housed in facilities operated by the department." TEX. GOV'T CODE ANN. § 501.008(a) (West 2004). The department's grievance system provides the exclusive administrative remedy to an inmate for a claim against the department that arises while the inmate is housed in a facility operated by the department. *Id.* Only after an inmate pursues relief through the grievance system may the inmate file a claim in state court, and even then he may only file a claim if authorized by statute. *See* TEX. GOV'T CODE ANN. § 501.008(d); *Cont'l Cas. Ins. Co.*, 19 S.W.3d at 397.

Pursuant to section 2001.171 of the Administrative Procedure Act, a "person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." TEX. GOV'T CODE ANN. §§ 2001.002, 2001.171 (West 2008). Section 2001.226, however, exempts "a rule or internal procedure of the Texas Department of Criminal Justice . . . that applies to an inmate or any other person under the custody or control of the department or to an action taken under that rule or procedure" from the Administrative Procedure Act. TEX. GOV'T CODE ANN. § 2001.226 (West 2008). Therefore, an inmate has no right to judicial review of a decision made pursuant to the department's grievance system. *See Cont'l Cas. Ins. Co.*, 19 S.W.3d at 397; *Foster v. Tex. Dep't of Criminal Justice*, 344 S.W.3d 543, 547–49 (Tex. App.—Austin 2011, pet. denied) (holding that section 2001.226 barred judicial review of execution procedure because it was internal procedure of Texas Department of Criminal Justice); *Harrison v. Tex. Dep't of Criminal Justice, Inst'l Div.*, 164 S.W.3d at 876 (holding that section 2001.226 barred judicial review of administrative decision of Texas Department of Criminal Justice); *Kelley v. State*, No. 14-03-00480-CV, 2004 WL 1171770, *1 (Tex. App.—Houston [14th Dist.] May 27, 2004, no pet.) (holding that inmate could not seek judicial review of

department's determination pursuant to inmate grievance system that his grievance was not timely).

In this case, appellant attempts to directly appeal from a decision made by the Administrative Review and Risk Management Division of the Texas Department of Criminal Justice. The decision, which found that appellant's grievance was not timely, is the result of a grievance appellant filed with the department's grievance system against the department. We have no jurisdiction over such an appeal.[3] *See* TEX. GOV'T CODE ANN. §§ 501.008(d) (stating that inmate may file claim, after exhausting grievance procedure, in state court); 2001.226 (excepting department's rules and procedures from Administrative Procedure Act); *see also Foster*, 344 S.W.3d at 547–49 (holding that section 2001.226 barred judicial review of execution procedure because it was internal procedure of Texas Department of Criminal Justice); *Harrison*, 164 S.W.3d at 876 (holding that section 2001.226 barred judicial review of administrative decision of Texas Department of Criminal Justice); *Kelley*, 2004 WL 1171770, at *1 (holding that inmate could not seek

---

[3] Appellant's grievance involves a claim for $21.00. In civil cases, we "have jurisdiction when the amount in controversy or the judgment rendered exceeds $250." TEX. GOV'T CODE ANN. § 22.220 (West Supp. 2011); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West Supp. 2011); *Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 361–62 (Tex. 2000). Accordingly, we have no jurisdiction over this appeal. Nonetheless, because we have not provided appellant with the mandatory notice of intent to dismiss on this basis, we do not base our dismissal on this ground. *See* TEX. R. APP. P. 42.3.

judicial review of department's determination pursuant to inmate grievance system that his grievance was not timely).

On January 6, 2012, the Clerk of the Tenth Court of Appeals notified appellant that his appeal was subject to dismissal for want of jurisdiction unless he filed a response showing that a court of appeals has jurisdiction over this case. Appellant did not adequately respond.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Brown.