

# NUMBER 13-12-00003-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**KIRK WAYNE MCBRIDE SR.,**                          **Appellant,**

**v.**

**TEXAS DEPARTMENT OF CRIMINAL
JUSTICE – CORRECTIONAL INSTITUTIONS
DIVISION, ET AL.,**                               **Appellee.**

---

## On appeal from the 343rd District Court
## of Bee County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Chief Justice Valdez

Appellant, Kirk Wayne McBride, appeals from the dismissal of his lawsuit brought

against the Texas Department of Criminal Justice ("TDCJ") and others.  We affirm.

# I. BACKGROUND

Appellant is an inmate housed by the TDCJ. After appellant received a disciplinary action for possession of an alcoholic beverage, he filed a Step 1 grievance to challenge that disciplinary action. Then, on October 24, 2004, appellant filed a second Step 1 grievance, complaining that he did not receive a decision on his first Step 1 grievance. Appellant requested a copy of the original Step 1 decision and sought an extension of the 15-day limitation period to appeal. After appellant's request was denied, he filed a Step 2 grievance. On December 6, 2004, appellee Kelli Ward, the grievance investigator, issued a decision upholding the prior ruling on appellant's request.

Thereafter, on May 27, 2011, proceeding *pro se* and *in forma pauperis*, appellant filed his First Amended Original Complaint in district court, alleging that TDCJ grievance procedures violate his rights to due process and are inadequate as a matter of law. Appellant sued appellee Ward, alleging that she violated his due process rights under the Fourteenth Amendment of the United States Constitution. Specifically, appellant was not satisfied with her response to his Step 2 grievance.

On September 14, 2011, appellee Ward filed a motion to dismiss appellant's claims under Chapter 14 of the Texas Civil Practice and Remedies Code. In the motion, which was based on sections 14.003 and 14.004, appellee Ward asserted that appellant's claims were frivolous and that appellant failed to file supplemental filings required by Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002); *id.* § 14.004 (West Supp. 2011).

In a written order entered on November 29, 2011, the district court granted appellee Ward's motion to dismiss and dismissed appellant's claims. This appeal ensued.

## II. ANALYSIS

In his sole issue, appellant argues that the district court abused its discretion in dismissing his suit pursuant to Chapter 14.

### A. Applicable Law

The Inmate Litigation Act applies to civil suits brought by inmates who file suit *in forma pauperis*. *See Warner v. Glass*, 135 S.W.3d 681, 683 (Tex. 2004); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2011) (stating that Chapter 14 "applies only to a suit brought by an inmate . . . in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate"). The Legislature intended for Chapter 14 to reduce frivolous inmate litigation. *See Warner*, 135 S.W.3d at 685. Section 14.003 gives courts discretion to dismiss a "frivolous or malicious" claim based on factors such as the claim's "realistic chance of ultimate success" or the claim having "no arguable basis in law or in fact." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003.

In making the determination of whether an inmate suit is frivolous for purposes of Chapter 14, the court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.*

3

**B. Standard of Review**

We review a dismissal of an inmate's lawsuit *in forma pauperis* under Chapter 14 of the civil practice and remedies code for abuse of discretion. *See Harrison v. Tex. Dep't of Criminal Justice-Inst. Div.*, 164 S.W.3d 871, 874 (Tex. App.—Corpus Christi 2005, no pet.); *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004).

**C. Discussion**

A person may obtain judicial review of an administrative action only if a statute provides a right to judicial review, or the action adversely affects a vested property right or otherwise violates a constitutional right. *Harrison*, 164 S.W.3d at 876. As in *Harrison*, appellant's "lawsuit requests de novo review of an administrative decision assessing discipline for a rule infraction." *Id.* As we held in *Harrison*, we conclude that "section 2001.226 expressly bars de novo review by [the] district court in this instance." *Id.*; *see also* TEX. GOV'T CODE ANN. § 2001.226 (West 2008) ("This chapter does not apply to a rule or internal procedure of the Texas Department of Criminal Justice or Texas Board of Criminal Justice that applies to an inmate or any other person under the custody or control of the department or to an action taken under that rule or procedure.").

As we explained in *Harrison*, "the plain meaning of section 2001.226 . . . bars the constitutional claim" "that the disciplinary procedures were unconstitutional" because appellant's grievances were not resolved to his satisfaction. *Harrison*, 164 S.W.3d at 876. We note that the Fifth Circuit Court of Appeals has reached the same conclusion

4

under federal law.  *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) ("[A] prisoner] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction.  As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.") (internal citations, quotations omitted); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) ("[P]risoners may no longer peruse state statutes and prison regulations searching for the grail of limited discretion.  Instead, a prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.") (internal citations, quotations omitted).

As our sister court has observed, "[p]risoners do not have the same rights as others, and courts are ill-suited to detailed management of the state prisons." *Thompson v. Tex. Dep't of Crim. Justice-Institutional Div.*, 33 S.W.3d 412, 415 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).  Thus, Texas law "does not recognize a right for damages for prison officials' negligent or even grossly negligent failure to enforce rules applicable to the inmates." *Id.*

Accordingly, we agree with the district court that, in appellant's lawsuit, "the realistic chance of ultimate success is slight."  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003.  Furthermore, the district court did not err in concluding that the claims asserted by appellant involving the TDCJ's grievance procedures and the unsatisfactory resolution of his particular grievances have "no arguable basis in law or in fact."  *See id.* Therefore, we conclude that the district court did not abuse its discretion in dismissing appellant's lawsuit under the relevant provisions of Chapter 14.

5

Appellant's sole issue is overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
2nd day of August, 2012.