

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00299-CV

**IN RE** Erskine L.T. **ALLEN**, Jr.

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 11-08-00205-CVK
Honorable Ron Carr, Judge Presiding

Opinion by:      Karen Angelini, Justice

Sitting:         Karen Angelini, Justice
                 Steven C. Hilbig, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:  December 28, 2012

AFFIRMED

Erskine Allen, an inmate confined to the custody of the Texas Department of Criminal Justice ("TDCJ"), was found guilty at a disciplinary hearing of masturbating in public. As punishment, he lost his commissary and recreation privileges for forty-five days, and his classification was reduced from S3 to S4. Allen filed an original petition in state district court, seeking judicial review of the disciplinary conviction. He also filed an application to proceed in forma pauperis. The Attorney General moved to dismiss the proceeding for failure to comply with chapter 14 of the Texas Civil Practice and Remedies Code. The Attorney General argued (1) judicial review of a TDCJ administrative disciplinary conviction is not cognizable under state law in district court; (2) even if Allen's claim was cognizable, Allen failed to file an affidavit of

previous filings. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004. After a hearing, the trial court dismissed Allen's claims.

On appeal, Allen argues that his claims were cognizable, and the trial court erred in dismissing them. Allen argues that he may seek judicial review of the administrative action against him pursuant to sections 2001.171, 2001.172, and 2001.176 of the Texas Government Code, and sections 501.008 and 501.0081 of the Texas Government Code. The Attorney General responds that to attack a conviction he received as a result of a disciplinary case, Allen needed to file a federal habeas corpus proceeding. According to the Attorney General, Allen has failed to state a cognizable claim in this civil lawsuit.

In his petition, Allen alleged that he is eligible for release on mandatory supervision and that the reduction in class from S3 to S4 has caused his projected release date to change. His petition thus asked the trial court to review whether there was evidence to support the disciplinary hearing officer's finding of guilt. Generally, a person may obtain judicial review of an administrative action only if a statute provides a right to judicial review. *See Harrison v. Tex. Dep't of Criminal Justice Inst. Div.*, 164 S.W.3d 871, 876-77 (Tex. App.—Corpus Christi 2005, no pet.). On appeal, Allen argues that sections 2001.171, 2001.172, and 2001.176 of the Texas Government Code allow him to appeal his disciplinary conviction. While section 2001.171 does provide that a "person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter," TEX. GOV'T CODE ANN. § 2001.171 (West 2008), section 2001.226 also explicitly states that chapter 2001 "does not apply to a rule or internal procedure of the Texas Department Criminal Justice or Texas Board of Criminal Justice that applies to an inmate or any other person under the custody or control of the department or to an action taken under that rule

or procedure," *id.* § 2001.226. *See Harrison*, 164 S.W.3d at 875-76. Thus, section 2001.226 expressly does not apply to Allen's lawsuit seeking review of an internal procedure of the TDCJ.

With regard to sections 501.008 and 501.0081 of the Texas Government Code, section 501.008 provides that the TDCJ shall develop and maintain a system for the resolution of grievances by inmates. *See* TEX. GOV'T CODE ANN. § 501.008(a) (West 2012). In this case, the applicable procedures developed by the TDCJ are its "Disciplinary Rules and Procedures for Offenders." These rules provide that at the conclusion of the administrative disciplinary hearing, the Discipline Hearing Officer ("DHO") "shall inform the offender of the right to appeal the decision by using the offender grievance procedure and shall inform the offender of the method for filing such an appeal." TEX. DEP'T OF CRIMINAL JUSTICE, DISCIPLINARY RULES AND PROCEDURES FOR OFFENDERS 24 (April 2012). "If the offender requests the appropriate forms (I-127 or I-128), the DHO shall make the forms available at that time." *Id.*

Section 501.008 of the Texas Government Code further provides that "[a] remedy provided by the grievance system is the exclusive administrative remedy available to an inmate for a claim for relief against the department that arises while the inmate is housed in a facility operated by the department . . . ." TEX. GOV'T CODE ANN. § 501.008(a) (West 2012). And,

> [a]n inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy until: (1) the inmate receives a written decision issued by the highest authority provided for in the grievance system; or (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date the grievance is filed.

*Id.* § 501.008(d). Thus, pursuant to section 501.008, an inmate with a grievance must comply with the grievance system and exhaust all state remedies before filing a claim. Here, the clerk's record reflects that Allen followed the offender grievance procedure set out above and exhausted his administrative remedies. He filed a Step 1 Offender Grievance Form, and the "grievance response" stated the following:

> A review of major disciplinary case #20110263131 has been conducted. There were no procedural errors or due process violations. There is no evidence which indicates that the charging officer consented for you to violate policy. At the hearing you admitted to the policy violation. There is no valid reason to warrant overturning this disciplinary case. No action is warranted.

Allen then submitted a Step 2 Offender Grievance Form. The "grievance response" stated the following:

> Major Disciplinary Case #20110263131 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action is warranted in this manner.

Because Allen complied with section 501.008's requirement that he exhaust all administrative remedies before filing a claim, section 501.008 does not prevent Allen from filing a civil claim. However, Allen must still have an underlying cognizable claim to file such a lawsuit. And, section 501.008 does not affirmatively provide a right to judicial review of a disciplinary conviction.[1]

Allen also points to section 501.0081 of the Texas Government Code as authority for his right to file an appeal of his disciplinary action in district court. Section 501.0081 provides that the TDCJ "shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's system is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled." TEX. GOV'T CODE ANN. § 501.0081(a) (West 2012). Pursuant to section 501.0081, unless an inmate is within 180 days of his presumptive parole date, date of release on mandatory supervision, or date of discharge, "an inmate may not in an application for a writ of habeas corpus under article 11.07, Code of Criminal Procedure,

---

[1] For example, section 500.002 provides that an inmate is liable for the inmate's intentional damage to property belonging to the state, and that TDCJ shall establish a hearing procedure for the adjudication of claims for property damages under this section. TEX. GOV'T CODE ANN. § 500.002(a), (b) (West 2012). Subsection (d) allows an inmate, after exhausting all administrative remedies provided by the grievance system developed under section 501.008, to appeal a final decision under this section by filing a petition for judicial review in a district court having jurisdiction in the county in which the alleged damages occurred. *See id.* § 500.002(d).

raise as a claim a time-served credit error until" either (1) the inmate received a written decision issued by the highest authority provided for in the resolution system; or (2) if the inmate has not received a written decision, the 180th day after the date on which under the resolution system the inmate first alleged the time-served credit error. *See id.* § 501.0081(b), (c). Thus, section 501.0081 does not affirmatively provide a right to judicial review of a disciplinary conviction, but merely requires an inmate to exhaust all administrative remedies before filing an application for writ of habeas corpus.

We note that in his petition, Allen alleged that his constitutional rights were violated and asked that the court dismiss the disciplinary proceedings against him. Although Allen did not explicitly state a § 1983 claim, even if we were to construe his petition as stating one, Allen still has not stated a cognizable claim. An inmate cannot use a § 1983 action to recover good time credit lost in a prison disciplinary proceeding. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998); *Perry v. Kroll*, No. 03-10-00197-CV, 2010 WL 5129132, at *2 (Tex. App.—Austin 2010, no pet.); *see also McBride v. Tex. Dep't of Criminal Justice*, No. 13-05-00328-CV, 2008 WL 668050, at *1 (Tex. App.—Corpus Christi 2008, pet. denied).

Because Allen failed to state a cognizable claim, the trial court did not err in dismissing his lawsuit.[2] We therefore affirm the trial court's Order of Dismissal.

Karen Angelini, Justice

---

[2] Having determined that Allen failed to state a cognizable claim, we need not consider his other issues.